**M. Pauline LINDSEY, Respondent,**

v.

**C. A. RUPP, Appellant.**

No. 22755.

Kansas City Court of Appeals.
Missouri.

Oct. 6, 1958.

James D. McGrath, Eugene P. Donnelly, Kansas City, for appellant.

Carl H. Willbrand, Kansas City, for respondent.

MAUGHMER, Commissioner.

Plaintiff-respondent, in a jury waived case, had judgment against defendant for $1,000, which amount she alleged defendant had agreed to pay her for an oil lease covering an acreage in Oklahoma. Plaintiff has moved to dismiss this appeal, asserting that defendant's brief is not in compliance with Supreme Court Rule 1.08, 42 V.A.M.S. This motion is not without merit. Appellant's points are abstract statements of law, rather than assignments of error. However, we shall treat this appeal as presenting the question of the sufficiency of the evidence and overrule the motion to dismiss because tried before the Court.

In reviewing the result in a jury waived case, we determine if there was any competent and substantial evidence to justify the judgment. In such review, especially as to credibility of witnesses, we defer to

the conclusions of the trial judge. Such deference is not accorded because of any assumed superior wisdom resting with the trial judge, but by reason of the fact that he could see and hear the witnesses and observe their demeanor. This rule of appellate review is so generally understood, has been so frequently set forth and so many opinions have been cited in support, that it is unnecessary to incorporate such authorities again in this opinion.

Only two witnesses, the plaintiff and the defendant, testified in this case. The subject matter of this suit was an oil lease to a ⅟₃₂ interest in a quarter section of land in the Osage Reservation, Osage County, Oklahoma. The evidence is undisputed that in January, 1952, plaintiff bought this lease from the defendant for $500, and paid him that amount therefor. In August, 1952, plaintiff executed an assignment thereof to Kihekah Oil Company (recited consideration one dollar) and delivered same to defendant, who also held an additional share in this particular leasehold. Plaintiff testified that defendant agreed to pay her $1,000 for her ⅟₃₂ share, and that such agreement and promise induced her to execute the assignment and deliver it to defendant. Defendant denied that he agreed to pay plaintiff $1,000, or any other sum. He said he told her that a well had been drilled on the property, that it was dry and unprofitable, that the company planned to "check the well some more" and go deeper, but this would cost plaintiff an additional three or four hundred dollars, and that "You can put in some more money if you want to or turn it over to the Kihekah Oil Company".

■ It is quite apparent that we are here presented with squarely conflicting testimony. The plaintiff's evidence that she assigned the lease, delivered it to defendant, and that he agreed to pay her $1,000 for it is competent and substantial. The trial court accepted her testimony. If believed, such evidence amounted to a sufficient foundation for the judgment. We shall not overturn such finding and judgment.

No other alleged errors having been assigned or suggested, it follows that the judgment entered must be and is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court. All concur.