**Beatrice BAREWIN, Respondent,**

v.

**Margaret (Peggy) GILLETTE, Appellant.**

**No. 23257.**

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1961.

sued defendant for damages to the plate glass of the building as a result of a collision between an automobile being operated by plaintiff, and a three-wheeled servicycle being operated by a member of the Kansas City police. Trial to the court resulted in judgment for plaintiff in the sum of $343.-34. Defendant appeals.

█ Plaintiff has filed motion to dismiss the appeal alleging that the statement of facts is not concise but is verbose and argumentative. It is not a model statement of the facts, but it is not so objectionable as to call for dismissal.

█ It is also urged that points relied in are mere abstract statements of law without citation of authority. Defendant relies on one point only: failure of court to sustain defendant's motion for judgment at the conclusion of plaintiff's evidence (defendant offered no testimony). Defendant claimed, at the trial and in his brief, that there is no evidence tending to prove that defendant caused the damage. Specifically, that it was not shown that the servicycle which collided with defendant's car came into contact with plaintiff's building, thereby causing the damage. Evidence to that effect is vital to plaintiff's case. That is the only issue here. Since this is a simple one-point appeal, in the interests of justice we will not dismiss the appeal for the reasons stated.

Plaintiff's testimony established her ownership of the building and the nature and extent of the damages to the plate glass therein.

Clif Langsdale, Kansas City, for appellant.

Dwight L. Larison, Hogsett, Houts, James, Randall & Hogsett, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff, the owner of a building located at 14th and Grand, Kansas City, Missouri,

Defendant stated that she was operating an automobile north on McGee, a one way street north, with four traffic lanes; that when she approached 14th, a one way street west, she gave signals for turning left on 14th; that, to her left rear, she saw a policeman sitting in a servicar against the west curb of McGee; that, when she had almost completed a left turn, the servicar struck the automobile on the left

rear fender; that the policeman was thrown into the street and she parked and went back to see if she could assist him; that the servicar passed her but that she did not see it thereafter. She stated that she was travelling north in the *third lane,* counting from the west, when she started the left turn, but, upon her counsel's suggestion that she didn't mean that, she changed that statement and said she was half way between the first and second lanes, counting from the west.

Mr. Grouse, a taxicab driver, testified to the effect that he was following defendant in his taxicab as she proceeded north on McGee, in the third lane to the *east* of the west curb; that, as they approached 14th, defendant's car "zoomed right on out around * * * and I kind of went ahead * * * and this motor cycle was over here and he was going north * * * and then I seen the motorcycle swerve out and caught the back end and turned over". He said he did not observe any signals given by defendant.

Mr. Capps, an employee in the damaged building, testified to the effect that "a motor cycle took out two windows" on the afternoon the collision occurred. On cross-examination, he said he heard a crash, but did not see what caused it.

█ The facts in evidence are not in dispute. The trial court found for plaintiff and we must accept them as true. Lindsey v. Rupp, Mo.App., 316 S.W.2d 651; and we must draw all reasonable inferences from them that tend to support plaintiff's right to recover.

█ The case was tried to the court and, in such cases, the judgment may not be set aside unless clearly erroneous. Section 510.310, V.A.M.S. However, if there is *no* substantial evidence tending to prove a vital element of plaintiff's case, then the above rules cannot save the judgment. Certainly, no case was made unless there was substantial evidence tending to prove that the servicycle which collided with defendant's automobile proceeded a *block west* and struck and broke the plate glass in plaintiff's building. There is no evidence tending to prove even the direction in which the servicycle was travelling when last seen by plaintiff, the only witness who saw it *after* the collision occurred. We cannot infer that it was travelling west. We cannot infer that it travelled a block and collided with the plate glass. The evidence does not disclose what happened to the servicar after it passed defendant at 14th and McGee, not even the direction it was travelling. True, Mr. Capps stated that a "motorcycle" took out two plate glass windows; but, upon cross-examination, that appears to have been strictly a conclusion. He admitted that he merely heard a crash; he did not see any vehicle.

The learned trial judge found, under paragraph 3 of his "Conclusions of Law", that: "There is no evidence in this cause from which a finding can be made that the servicycle * * * collided with plaintiff's building * * *". Later, he set aside his first judgment, which was for defendant, and entered judgment for plaintiff. He was right the first time.

The judgment is reversed and the cause is remanded for another trial.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.