The Massey-Harris Harvester Company, a Corporation, Plaintiff in Error, v. Federal Reserve Bank of Kansas City, a Corporation, Defendant in Error.—104 S. W. (2d) 385.

Division One, April 21, 1937.

*Samuel Feller* for plaintiff in error.

*H. G. Leedy* for defendant in error.

HYDE, C.—This is an action for damages alleged to have been caused by defendant's negligence in the collection of a check. There have been two trials of the case. In the first trial, plaintiff had a judgment which was reversed by the Kansas City Court of Appeals. [226 Mo. App. 916, 48 S. W. (2d) 158.] In the second trial, a jury trial resulted in a verdict and judgment for defendant. Plaintiff brought the case here by writ of error.

Reference is made to the opinion of the Court of Appeals for a complete statement of facts, most of which were agreed to by the stipulation there set out in full. The following dates show the various steps in the transaction. Plaintiff indorsed and deposited a cashier's check of the First State Bank of Cunningham, Kansas, for $3180 in the Union Avenue Bank of Commerce of Kansas City on August 22, 1925. On that day, the Union Avenue Bank indorsed and deposited the check in the Commerce Trust Company of Kansas City. On that same day, the Commerce Trust Company indorsed the check and mailed it to the Oklahoma City branch of defendant. The next day was Sunday so that the check was received by defendant's Oklahoma City branch on August 24th. Because it was only authorized to make collections in Oklahoma, this branch mailed the check to defendant in Kansas City which received it there on August 25th. On that day, defendant mailed the check to the First State Bank of Cunningham with other checks drawn on that bank. August 30th was Sunday. On August 31st, defendant received a draft for $8262.28 from the First

State Bank in payment of the check deposited by plaintiff, and other checks drawn on it and sent to it by defendant for collection and payment at the same time and in the same letter. On that same day, defendant presented this draft to the Federal Trust Company of Kansas City upon which it was drawn but payment was refused because the Cunningham Bank had no funds on deposit, having overdrawn its account prior to that time. The draft was protested, notice given to the Commerce Trust Company, and it was thereafter presented to the Federal Trust Company each day until September 5th, which was the last day the Cunningham Bank remained open. The Kansas Bank Commissioner took charge of it on September 8th, Sunday and Labor Day having intervened. Plaintiff's evidence showed that the largest amount of cash on hand in the Cunningham Bank on any day after August 25th was $4435.96. Its account with the Federal Trust Company was overdrawn at all times on and after August 29th.

The Court of Appeals, in reversing plaintiff's judgment, held that its petition failed to state a cause of action because it construed Section 2821, Revised Statutes 1929, to authorize defendant to forward the cashier's check direct to the Cunningham bank and accept a draft in payment thereof, which were the only acts charged as negligence. Thereafter, plaintiff filed an amended petition, which stated "that the Kansas City Court of Appeals, in passing on this case in the appeal from the former judgment, held that by virtue of Section 10159d, Laws of Missouri, 1919, page 606, being Section 2821, Revised Statutes 1929, it was not negligence for defendant to send said cashier's check for collection direct to said debtor bank or in accepting a draft in payment thereof. Plaintiff alleges that that act of the Legislature is unconstitutional, null and void, for the reasons (a) said act is a special law, or class legislation, (b) the title of said act does not clearly or fairly express or embrace the subjects and matters contained in said section of the act." Defendant has filed a motion to transfer to the Kansas City Court of Appeals and our jurisdiction depends upon whether there is a constitutional question preserved for review. Defendant says that this constitutional question was not timely raised or properly preserved in the trial court, and is not now properly before this court. However, so far as we can tell from the opinion of the Court of Appeals on the first appeal, defendant's answer based its defense upon the acts of Congress creating Federal Reserve Banks and regulations authorized thereby and in no way mentioned the Missouri statute. Section 2821 apparently was first considered in the case on the appeal and after the first trial was ended. Had it been stated in the answer in defense, its constitutionality could have been raised by reply. Unless it was invalid, the two original grounds of negligence, upon which plaintiff relied,

were out of the case on retrial. Under these circumstances, we hold that the question was timely raised by the relief sought (to prevent its application to the case on constitutional grounds) in the amended petition filed before the second trial. We further hold that the question has been properly preserved and presented by making request for instructions submitting both of these alleged grounds of negligence (sending direct and accepting draft) as a basis for recovery (which instructions were refused and the refusal excepted to); by stating such refusal of these instructions as grounds for granting a new trial in plaintiff's timely motion therefor (which was overruled and exception thereto taken); and by making assignments of error based on refusing these instructions and briefing these assignments as required by our rules. Since the opinion of the Court of Appeals had ruled out these grounds because it held that they did not constitute negligence under the statute, and this was the law of the case on retrial, the court in refusing them necessarily overruled plaintiff's contention that the statute was unconstitutional. This was the only ground raised, not passed on by the Court of Appeals, which could have authorized their submission, and under the pleadings it was inherently involved in the case. [State ex rel. State Building Commission v. Smith, 336 Mo. 810, 81 S. W. (2d) 613.] Defendant's point, that the construction rather than the validity of the statute was raised by plaintiff, does not go to both of its alleged grounds of unconstitutionality, and will be considered in connection with the second ground. The motion to transfer to the Court of Appeals is overruled.

 Plaintiff says the statute is class legislation in conflict with Section 53, Article 4, of the Constitution which prohibits any special law "granting to any corporation, association or individual any special or exclusive right, privilege or immunity." Plaintiff argues that the "act clearly singles out one class of collecting agents, namely, banks, bankers and trust companies and confers on that class special privileges and immunities not accorded to other collecting agents handling the same class of commercial paper for collection;" and that "attorneys-at-law, collection agencies, express companies and numerous other persons are regularly engaged in the business of collecting, for other parties, promissory notes, checks and other negotiable instruments drawn on, or payable at banks;" and that "these agencies have no right to send such instruments for collection either to the debtor direct, or to the bank on which they are drawn or at which they are payable, or to accept in payment thereof anything but money, and if they do so they become personally liable."

The applicable rules have been thus stated:

"Undoubtedly the Legislature possesses the power to 'select and classify objects of legislation,' and just as undoubtedly may exercise

a wide discretion in the exertion of that power. . . . It is 'sufficient to satisfy the demand of the Constitution if a classification is practical and not palpably arbitrary.' " [Hawkins v. Smith, 242 Mo. 688, 147 S. W. 1042.]

"The Legislature may legislate in regard to a class of persons, but they cannot take what may be termed a natural class of persons, split that class in two, and then arbitrarily designate the dissevered fractions of the original unit as two classes, and enact different rules for the government of each." [State v. Julow, 129 Mo. 163, l. c. 177, 31 S. W. 781, 783.]

Surely a classification of banks in a separate class from the other collecting agents mentioned is entirely reasonable both on the basis of daily volume handled, facilities furnished, and kind of service rendered. The statute mentions receiving checks and other negotiable instruments "for collection or deposit" which shows another basis for the classification. Certainly such instruments are not ordinarily received for deposit by express companies or attorneys as they are with banks. Most negotiable instruments are given to attorneys for collection after they have been disputed or the maker's solvency has become doubtful, while their collection of checks is confined largely to those which have "bounced." Certainly collection in cash by express companies is not often resorted to, is more expensive, and is out of the usual course of commercial transactions. We do not think it is reasonable to say that banks, attorneys, and express companies constitute "a natural class of persons" in the same business. The Legislature has made the same classification in the Bank Collection Code adopted in 1929 (Laws 1929, p. 205) referred to infra herein. [See, also, Blind v. Brockman, 321 Mo. 58, 12 S. W. (2d) 742; State v. Scullin-Gallagher Iron & Steel Co., 268 Mo. 178, 186 S. W. 1007; Waterman v. Chicago Bridge & Iron Works, 328 Mo. 688, 41 S. W. (2d) 575.] We hold that Section 2821 is not unconstitutional as special privilege or class legislation.

Plaintiff's second point is that Section 2821, Revised Statutes 1929, is void because enacted in violation of Section 28, Article 4, of the Constitution, in that it contains more than one subject and its purpose was not clearly expressed in the title. Laws 1919, page 606, shows the title and the section, as follows:

Title: "An act to amend Article 3, Chapter 86 of the Revised Statutes of Missouri, 1909, relating to promissory notes and checks, by adding a new section thereto, to be known as Section 10159d, providing for the forwarding by a bank, banker or trust company, of checks, notes or other negotiable instruments drawn upon other banks and located at a different place, directly to the bank on which they are drawn or at which they are payable."

Section: "Any bank, banker or trust company, hereinafter called bank, organized under the laws of, or doing business in this state, receiving for collection or deposit, any check, note or other negotiable instrument drawn upon or payable at any other bank, located in another city or town, whether within or without this state, may forward such instrument for collection directly to the bank on which it is drawn or at which it is payable and the failure of such payor bank, because of its insolvency or other default, to account for the proceeds thereof, shall not render the forwarding bank liable therefor, *providing, however,* such forwarding bank shall have used due diligence in other respects in connection with the collection of such instrument."

Plaintiff says that "the subject of the legislation is 'Promissory notes and checks' and not 'banks and banking;'" and that "there is nothing in the title to indicate the liability of banks is to be regulated, or that banks are to be authorized to accept anything but money in payment of such instruments, or that they might send such instruments direct to the debtor for collection;" but that this act "after providing that the instruments described in the title may be sent for collection direct to banks on which they are drawn or at which they are payable, then proceeds to add another subject, namely, *the liability of the forwarding bank.*" This is too narrow a construction of the title. The reasonable construction of the subject stated in the title is: "Collection by banks or trust companies of checks, notes or other negotiable instruments drawn upon other banks located at a different place;" and the purpose is clearly stated to authorize banks or trust companies to make collection of such instruments from banks upon which they are drawn by forwarding them direct to such banks. While the word "collection" is not used in the title, certainly the only reasonable construction is that it means "forwarding" for collection, because that is the usual and commonly known purpose for which banks are "forwarding" such instruments to other banks. The legal effect of the method authorized is so closely related to prescribing the method as to be practically part of it. Our rule of construction of this section of the Constitution is that if "every provision of the act fairly relates to, and has a natural connection with, the subject expressed in the title . . . it is unimportant 'that some provisions of the act are not specifically named in the title, or that, by refinement of terminology, the *minutiae* of the act itself can be separately catalogued.'" [Graves v. Purcell, 337 Mo. 574, 586, 85 S. W. (2d) 543.]

Plaintiff further contends that, *as construed* by the Court of Appeals, the statute would contain subjects not included in its title. This contention raises only the question of whether the construction of the Court of Appeals was correct, and does not raise a constitu-

tional question. [State v. Goad, 296 Mo, 452, 246 S. W. 917; Corbett v. Lincoln Savings & Loan Association, 4 S. W. (2d) 824; Mellon v. Stockton & Lamkin, 326 Mo. 129, 30 S. W. (2d) 974; Nickell v. Kansas City, St. L. & C. Railroad Co., 326 Mo. 338, 32 S. W. (2d) 79; Curtin v. Zerbst Pharmacal Co., 333 Mo. 346, 62 S. W. (2d) 771; Moyer v. Orek Coal Co. (Mo.), 78 S. W. (2d) 107.] Plaintiff's second constitutional contention must therefore be overruled.

Plaintiff further says that, because both parties made requests for peremptory instructions, the court should not have submitted the case to the jury. We recognize no such practice. Plaintiff's contentions on the construction of the statute which it claims entitled it to a directed verdict are, as follows:

First: That the statute does not authorize a collecting bank to accept a draft in payment of a check sent for collection, even if it does authorize sending the check direct to the bank upon which it is drawn. [Citing Federal Reserve Bank v. Malloy, 264 U. S. 160, 44 Sup. Ct. 296, 68 L. Ed. 617.]

Second: That the statute does not authorize sending a cashier's check to the bank which issued it even if it does authorize sending thereto for collection checks drawn upon it by its depositors.

Concerning the first contention it is only necessary to say that, while Section 2821 contains language not found in the regulations construed by the United States Supreme Court in the Malloy case, it is not now of any importance so far as future cases are concerned to attempt to discuss and distinguish it, because the Bank Collection Code Act of 1929 (Laws 1929, p. 205, now Secs. 5565-5575, R. S. 1929), with which this section must now be construed, regulates in greater detail this method of collection and does expressly authorize the acceptance of a draft in lieu of money; and it is not of any importance in this case, because we fully agree with the ruling of the Court of Appeals herein, for the reasons so ably stated by Judge TRIMBLE, that the regulations of the Federal Reserve Bank applied to this collection and the regulations then in force authorized the acceptance of a draft therefor whether this statute did or not.

Concerning the second contention, Section 2821, Revised Statutes 1929, makes no distinction between checks drawn on a bank by its depositors and checks issued against it by its cashier or other authorized officers. Certainly cashier's checks are "payable at" the bank which issues them. We hold there is no logical reason for any distinction. Both kinds of checks do finally become obligations of the bank; its liability on the depositor's check is conditional until accepted, because it depends upon whether the drawer has to his credit the amount thereof (but is absolute when accepted or certified), and the bank is obligated by its deposit agreement with him to pay out as he directs; liability on a cashier's check (or depositor's certified

check) is absolute because the drawer and the drawee are the same. Both are payable out of the bank's funds. It ordinarily makes payment of either kind of obligation, forwarded to it by other banks, by drawing on the depository of such funds by means of a draft. The statute was enacted in recognition of the fact that under the conditions of modern business, transportation and communication, this is the quickest, cheapest, and most convenient means of making commercial collections. We think it would be a strained and unreasonable construction of this statute to say it was intended to exclude cashier's checks or certified checks merely because the liability of the bank to pay them is absolute instead of conditional. [See Federal Land Bank v. Barrow (N. C.), 127 S. E. 3; Transcontinental Oil Co. v. Federal Reserve Bank (Minn.), 214 N. W. 918, in which similar statutes were applied to collection of cashier's checks; see also discussion in First National Bank v. Produce Exchange Bank, 338 Mo. 91, 89 S. W. (2d) 33, l. c. 39.] We hold that plaintiff was not entitled to have a verdict directed in its favor, and the case was properly submitted to the jury on only the new and additional charges of negligence stated in plaintiff's amended petition.

Plaintiff by its amended petition charged as additional grounds of negligence, delay in forwarding the check for collection, and delay in presenting the draft received in payment. The jury found against plaintiff on these charges. No error is assigned in the submission of these issues. Plaintiff's assignments of error concerning instructions are based upon its contention that the regulations of the Federal Reserve Banks do not apply upon its own construction of Section 2821, Revised Statutes 1929, and upon its claim that this statute is unconstitutional. What we have said disposes of these questions, and all contentions made in connection therewith.

The judgment is affirmed. *Ferguson* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur, except DOUGLAS, J., not voting because not a member of the court when cause was submitted.