José A. Vázquez, Petitioner and Appellant, v. Board of Trustees of the University of Puerto Rico, Respondent and Appellee.

No. 8248. Argued June 27, 1941.—Decided July 14, 1941.

*Enrique Báez García* for appellant. *Juan Hernández López* and *Juan B. Soto* for appellee.

Mʀ. Jᴜsᴛɪᴄᴇ Dᴇ Jᴇsús delivered the opinion of the court.

This appeal deals with the constitutionality and interpretation of Act No. 254, approved May 15, 1938 (Session Laws, p. 479), which textually reads as follows:

"An Act to levy a tax of one-fifth (⅕) of a cent on each gallon of sugar cane molasses produced, used, sold, imported or consumed; to assign the proceeds of said tax to the University of Puerto Rico, and for other purposes.

"*Be it enacted by the Legislature of Puerto Rico:*

"Section 1.—There is hereby levied, and the Treasurer of Puerto Rico is directed to collect, a tax of one-fifth (⅕) of a cent on each gallon of sugar cane molasses produced, used, sold, or consumed in, or imported into Puerto Rico; and the proceeds of said tax, together with those of any other taxes levied for the benefit of the University of Puerto Rico, shall be expended under the direction of the Board of Trustees of said University in the manner which, in the judgment of said Board, may be more advantageous to the educational interest of that institution, and to its support and development; *Provided,* That as soon as this Act takes effect the Board of Trustees of the University of Puerto Rico shall organize a faculty of industrial sciences in the College of Agriculture and Mechanic Arts of said University following the usage of other colleges of agriculture and mechanic arts in the United States.

"Section 2.—All laws or parts of laws in conflict herewith are hereby repealed.

"Section 3.—This Act shall take effect ninety days after its approval."

The petitioner and appellant, in his capacity as citizen of the United States and taxpayer on real property located

in the municipal district of Mayagüez, applied to the lower court. for a writ of mandamus directed to the Board of Trustees of the University of Puerto Rico, commanding the board to proceed to organize, in compliance with the act above transcribed, a faculty of industrial sciences in the College of Agriculture and Mechanic Arts of the University of Puerto Rico "following the usage of other colleges of agriculture and mechanic arts in the United States." It was alleged by the plaintiff that the act in question makes it a ministerial duty of the respondent board to organize such faculty of industrial sciences. The board in its answer challenged the constitutionality of the proviso of said act, on the following grounds:

(a) Because the act contains more than one subject and the matter contained in the proviso relied upon by the petitioner for his contention has not been expressed in the title of the act, thus violating Section 34 of the Organic Act; and

(b) Because said Act No. 254, in so far as the aforesaid proviso is concerned, constitutes an amendment to Section 7 of Act No. 50, approved on July 21, 1925, for it tends to deprive the respondent board of its discretionary power conferred upon it by the act last cited to determine and regulate the courses of studies, without the constitutional requirements for amending an act having been complied with.

The defendant board further alleged, in opposition to the issuance of the writ, that assuming that said proviso were valid, the same is directory and not mandatory and, therefore, it does not impose upon the board any ministerial duty whose performance could be enforced by means of a writ of mandamus.

The lower court upheld the constitutionality of the act in its entirety, but it denied the petition and quashed the alternative writ issued by it on the ground that the proviso in question is directory and therefore fails to impose a ministerial duty upon the respondent.

■ We agree with the appellant and with the lower court that the act in controversy does not contain more than one subject. It is true that section 1 itself provides for the levying of a tax, and it is prescribed therein that the proceeds thereof, together with those of any other taxes levied for the benefit of the University of Puerto Rico, shall be expended under the direction of the respondent board "in the manner which, in the judgment of said Board, may be more advantageous to the educational interest of the institution, and to its support and development." However, can it be properly maintained that the establishment of a college of industrial sciences, to which said proviso refers, does not tend to promote the interests of the institution or to contribute to its development? It is unquestionable that any faculty or college that might be added to a university contributes to its development and enlargement. That being so, it can not be said that the act contains more than one subject, as that clause has been construed in connection with the various state constitutions.

"If all parts of an act relate directly or indirectly to the general subject of the act, it is not open to the objection of plurality. To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects, that by no fair intendment can be considered as having any legitimate connection with or relation to each other. This constitutional provision does not contain any limitation on the comprehensiveness of the subject which may be as comprehensive as the legislature chooses to make it, provided it constitutes, in the constitutional sense, a single subject and not several; it may include innumerable minor subjects, provided that all the minor subjects, when combined, form only one general subject or topic. The connection or relationship of the minor subjects need not be logical; it is enough that they are connected with and related to a single subject in popular signification. Matters which constitute, apparently, two distinct and separate subjects are not so, in the meaning of the constitutional provision, unless they are incongruous and diverse to each other. While this provision is mandatory, yet it is to be construed liberally. It is not intended

nor should it be so construed as to prevent the legislature from embracing in one act all matters properly connected with one general subject." 25 R.C.L. 842.

As the act in controversy contains a single subject, its title is sufficient, and the same is not required to express all the details of the act nor to include an unnecessary index thereof. *Massey-Harris Harvester Co.* v. *Federal Reserve Bank,* (1937) 111 A.L.R. 133, 138; *Shea* v. *Olson,* (1936) 111 A.L.R. 998, 1006; *Campbell* v. *Campbell,* (1938) 116 A.L.R. 939, 943.

■ The proviso of Act No. 254 under consideration, even though it were held to be mandatory, does not amend Act No. 50 of 1925 (Session Laws, p. 382) which at present defines the powers of the Board of Trustees. The former, that is, Act No. 254, is a special law; the latter is a general law; both may subsist separately.

■ The constitutional questions raised having thus been settled, we will now turn to the construction of Act No. 254 in order to determine whether or not the lower court erred in dismissing the complaint and in quashing the alternative writ.

The interpreter of a law must give effect to the intention of the Legislature. For this purpose he must consider the law in its entirety, in the light the reason that prompted it and of the legislative intent as expressed in other statutes *in pari materia.*

Act No. 254 of 1938, which we have fully transcribed at the beginning of this opinion and which we are now to construe, begins by creating a tax and then prescribes that the proceeds thereof, together with those of any other taxes levied for the benefit of the University of Puerto Rico, shall be expended under the direction of the Board of Trustees in the manner which, *in the judgment of said board, may be most advantageous to the educational interest of such institution and to its support and development.* So far there can

be no doubt whatever that the expenditure of such funds is entrusted to the sound discretion of the Board of Trustees. But immediately thereafter there is a proviso to the effect that "as soon as this Act takes effect the Board of Trustees of the University of Puerto Rico *shall organize* a faculty of industrial sciences, etc."

The phrase "shall organize" considered by itself involves the idea of a mandatory duty; but when considered jointly with the rest of the act wherein, as already seen, the Board of Trustees is vested with the widest sound discretion for expending such funds in the manner which, in its judgment, may be most advantageous to the educational interests of the University, it will be readily observed that if we construe the proviso as proposed by the appellant, we would run into the absurdity of holding that the lawmaker, by means of such proviso, nullified the rest of the act. In other words, that he destroyed with one hand what he had just done with the other.

The purpose of the proviso of an Act is to insert an exception thereto, to limit the same, and sometimes to widen its scope so as to bring within its purview cases which otherwise would be excluded therefrom. However, its purpose is never to destroy or abolish the act, for the simple reason that it must be presumed that the lawmaker is not going to legislate and forthwith and in the same act set aside what he has just done. On those grounds, and on the no less important one of a historical character, to wit, that ever since the establishment of the University of Puerto Rico in 1903 up to the present, the Legislature has been steadily conferring upon the Board of Trustees the broadest powers as regards the control and development of the University, we hold that the term "shall organize," as used in the proviso, only expresses a future action but not a mandatory duty whose performance might be enforced by mandamus. The Board of Trustees thinking as it does, that the establishment of

such faculty at this time would be contrary to the interests of the University, would we not be running counter to the legislative intent in regard to the duties of the board, consistently expressed—first in the Act of 1903 (Comp. Stat. 1911, p. 161), then in Act No. 67 of 1923 (Session Laws, p. 428), afterwards in Act No. 50 of July 21, 1925, (Session Laws, p. 282) now in force, and lastly in Act No. 254 of 1938 now under consideration—if we substituted our judgment for that of the board and compelled the same to organize the said faculty of industrial sciences?

Since Act No. 254 of 1938 does not impose the organization of a faculty of industrial sciences as a ministerial duty, the lower court acted properly in denying the petition and in quashing the writ issued, and therefore the judgment appealed from must be affirmed.

Mr. Justice Travieso took no part in the decision if this case.