682

Ruth WARREN (Plaintiff), Appellant,

v.

Milton WEAVER (Defendant), Respondent.

No. 30402.

St. Louis Court of Appeals.
Missouri.

Feb. 21, 1961.

Rene J. Lusser, Dorsey & Aulbert, St. Louis, for appellant.

Hartman, Guilfoil & Albrecht, E. C. Albrecht, Jr., James L. Homire, Jr., St. Louis, for respondent.

RUDDY, Judge.

This is an appeal in an action by plaintiff against defendant for damages for personal injuries sustained in an intersectional collision between automobiles operated by defendant and the husband of plaintiff. The verdict and judgment were for defendant and plaintiff appeals.

The only issue raised by plaintiff is that Instruction No. 4, given and read to the jury at the request of defendant, should not have been given.

█ At the threshold of our consideration of this appeal we are faced with a motion to dismiss the appeal, filed by defendant. As grounds for said motion defendant alleges that plaintiff's (appellant's) brief does not comply with Civil Rule 83.05(a) (3) and 83.05(e), V.A.M.R. The first three points of plaintiff's brief, although ineptly drawn, do sufficiently present the point that Instruction No. 4 should not have been given because the evidence established negligence as a matter of law in that defendant's evidence showed that defendant had failed to keep a proper lookout and had failed to see what was plainly visible.

█ The fourth point relied on by plaintiff is stated in her brief as follows: "D. Instruction No. 4, was misleading and confusing, and constitutes prejudicial error." This point, as stated, is merely an abstract statement and does not specify in what way the instruction confuses and misleads.

In the case of Meierotto v. Thompson, 356 Mo. 32, 201 S.W.2d 161, loc. cit. 165,

appellant's assignment in its brief read as follows:

" 'The Court erred in giving and reading to the jury instruction No. 1 (Objections and Ruling thereon, Tr. 229–232); (Instruction 1, Tr. 235, 236); (Ground 3, Motion for New Trial, Tr. 263); because:

" 'a. It is misleading, confusing and instructs on an abandoned issue.' "

In ruling on this assignment the court said, 201 S.W.2d loc. cit. 165:

"Such an assignment in the brief, under points and authorities, does not preserve anything for our review. It wholly fails to comply with rule 1.08 (a) (3), (Now Civil Rule 83.05(a) (3)) which requires the brief to contain, 'The points relied on, which shall specify the allegations of error, with citation of authorities thereunder.' Appellant has wholly failed to specify any allegation of error. It is impossible to discern from the assignment what point appellant wishes to present."

In the aforesaid assignment in the Meier-otto case appellant presented even more than is presented in the assignment under review in the instant case. We overrule defendant's Motion to Dismiss the Appeal but we do limit our consideration of this appeal to the contention presented by plaintiff's first three points.

In view of the nature of our ruling it will be unnecessary to recite the evidence of the respective parties. It will be sufficient to state the specifications of negligence submitted to the jury and relied on by plaintiff in her verdict directing instructions and the specifications of "sole cause" negligence as submitted in defendant's Instruction No. 4, the giving of which by the court is charged by plaintiff as constituting prejudicial error.

The collision of the automobiles which resulted in plaintiff's alleged injuries occurred at the intersection of Temple and Minerva Avenues in the City of St. Louis. The husband of plaintiff was driving his automobile northwardly on Temple Avenue, a one-way northbound street, and defendant was operating his automobile westwardly on Minerva Avenue, a two-way east and west bound street.

Instruction No. 1 offered by plaintiff and given by the court required the jury to find that defendant failed to keep and maintain a watch and lookout for vehicles being operated northwardly on Temple Avenue at or near its intersection with Minerva Avenue.

Instruction No. 2 offered by plaintiff and given by the court required the jury to find that defendant failed to exercise the highest degree of care in that he did not stop his said automobile or slacken the speed thereof when he could have done so.

Instruction No. 3 offered by plaintiff and given by the court required the jury to find "that on the occasion mentioned in the evidence, while defendant, Milton Weaver, was operating his automobile westwardly on Minerva Avenue and approaching the intersection with Temple Avenue, the automobile in which plaintiff was riding had then entered the intersection of said Temple Avenue and Minerva Avenue * * * and * * * that the defendant failed to then yield the right-of-way to the automobile in which plaintiff was riding," and if the facts hypothesized were so found by the jury, they were further instructed that the failure to yield the right-of-way was negligence.

The instruction charged by plaintiff as being erroneously given by the trial court is No. 4 which specified facts that if found by the jury required the plaintiff to yield the right-of-way to the defendant. Said instruction further required the jury to find that defendant was not negligent in any manner as submitted in the other instructions of the court and concluded with the direction that if the jury found the facts to exist as hypothesized, then their

verdict should be in favor of the defendant and against plaintiff.

Instruction No. 5 offered by plaintiff and given by the court instructed the jury that if they found from the evidence that the operator of the motor vehicle in which plaintiff was riding was negligent as submitted in Instruction No. 4 and if they further found that defendant was negligent in any respects as submitted in Instructions Nos. 1, 2 and 3, and that such negligence of the defendant directly concurred and combined with the negligence of the operator of the motor vehicle in which plaintiff was riding in causing the collision and injuries to the plaintiff, then they should "find the issue of sole cause in favor of the plaintiff, Ruth Warren, and against the defendant, Milton Weaver."

■ The contention raised in plaintiff's first three points, as we conceive it, is that it was error for the trial court to give a sole cause instruction where the evidence shows defendant is guilty of negligence as a matter of law in failing to keep and maintain a watch and lookout for the vehicle in which plaintiff was riding and, therefore, failing to see said vehicle when it was plainly visible. This contention would be a valid one for consideration if the matter contained therein had been timely raised by the plaintiff in the trial court and presented to that court for ruling thereon. A careful search of the record discloses that at no time did plaintiff request by *motion* or by *instruction* that the trial court direct a verdict in favor of plaintiff on the issue of negligence on the ground that defendant's evidence showed as a matter of law that defendant failed to keep a proper lookout.

In the case of Robbins v. Robbins, Mo., 328 S.W.2d 552, plaintiff sued his own driver and the driver of another car for his personal injuries. He recovered a verdict and judgment against the driver of the other car. However, the jury found in favor of his own driver and plaintiff appealed from this judgment. Plaintiff in his appeal urged:

"(a) that Robbins was guilty of negligence as a matter of law in failing to keep a lookout, and that the verdict and judgment in his favor may not stand." 328 S.W.2d loc. cit. 555.

In answering this contention the court pointed out that plaintiff had asked no peremptory instruction and had submitted all issues of negligence of the respective defendants to the jury. In ruling against plaintiff's contention the court said:

"We have determined that plaintiff has not preserved this point for our review. He offered no motion for a directed verdict at any time (§ 510.280 RSMo 1949, V.A.M.S.) but offered, and the court gave Instruction No. 2, which submitted to the jury as a fact issue defendant Robbins' failure to keep a lookout and the question of proximate cause; * * * It is true that it is ' * * * very seldom that a trial court is justified in directing a verdict in favor of a party having the burden of proof * * * upon oral testimony.' (Beezley v. Spiva, Mo., 313 S.W.2d 691, 695), and we do not intimate that it should have done so here; however, it is ordinarily incumbent upon a party in a jury case to raise that point specifically in the trial court before asking an appellate court to set aside a verdict for insufficient evidence. (Citing cases) * * * Appellate courts are merely courts of review for trial court errors, and there can be no review of a matter which has not been 'presented to or expressly decided by the trial court.' Scowden v. Scowden, Mo.App., 298 S.W.2d 484, 485. Section 512.160(1) expressly provides (with stated exceptions) that no allegations of error shall be considered except such as have been presented to or expressly decided by the trial court."

The Robbins case is similar in virtually all respects to the instant case under review and clearly holds that where plaintiff has failed to move or instruct for a directed verdict at any time during the trial of the case in the lower court, but instead offered an instruction which submitted to the jury as a fact issue whether the defendant in the operation of his automobile failed to keep a lookout, that under such circumstances plaintiff did not preserve for review in the appellate court the contention that the driver of said vehicle was guilty of negligence as a matter of law. In our case plaintiff proceeded in the trial court on the theory that defendant's failure to keep a lookout was a factual issue to be determined by the jury.

Prior to the holding in the Robbins case, supra, this court held in Heninger v. Roth, Mo.App., 260 S.W.2d 855, that plaintiff could not contend in the appellate court that the trial court erred in not holding that defendant's testimony had established his negligence as a matter of law where plaintiff had failed to ask for a directed verdict in the trial of the case. In the Heninger case, supra, plaintiff obtained a verdict against the defendant St. Louis Public Service Company and its operator Cochrum, but the jury found in favor of defendant Roth, who was driving an automobile in which plaintiff was a guest at the time of the collision, and plaintiff appealed from the judgment in favor of defendant Roth. The negligence pleaded and submitted against defendant Roth was that he had failed and omitted to sound a warning of the approach of his automobile so as to have avoided a collision with the streetcar. On appeal plaintiff urged that the trial court erred in not peremptorily directing a verdict in favor of plaintiff and against defendant Roth upon the theory that the latter's own testimony had established his negligence as a matter of law. In answering this contention we said:

"It is enough to point out that plaintiff asked no such directed verdict at the trial of the case, but instead pro-

ceeded throughout upon the basis that the issue of Roth's negligence was one for the jury to determine. In this situation plaintiff is now in no position to insist that the court committed error in failing to order a directed verdict. (Citing cases)." 260 S.W.2d loc. cit. 858.

In the instant case, as we have pointed out, plaintiff's complaint, as contained in her first three points, against the giving of defendant's Instruction No. 4 is that the instruction should not have been given because it had been established by defendant's evidence that defendant was guilty of negligence as a matter of law, in that he had failed to keep a proper lookout. Plaintiff, having failed to bring this matter to the attention of the court and having failed to ask for a directed verdict, is now precluded in this court from insisting that the trial court committed error in the giving of said instruction. This, for the reason that, plaintiff having submitted the question of whether defendant was guilty of negligence in failing to keep a proper lookout as a factual issue for the jury's determination, submitted in her Instruction No. 1, cannot now contend that the defendant was not entitled to submit to the jury the theory of his defense as submitted in Instruction No. 4.

Defendant was entitled to submit his theory of the case in his sole cause instruction under which the jury was instructed to find for defendant if they found defendant was not negligent in the manner set out in plaintiff's instructions and that the driver of the vehicle in which plaintiff was riding was negligent in the manner set out in defendant's Instruction No. 4.

We are aware of our discretionary right under Civil Rule 79.04, V.A.M.R. (formerly Supreme Court Rule 3.27) to consider plain errors affecting substantial rights if it is deemed by us that manifest injustice or miscarriage of justice has resulted therefrom, even though the error was not raised in the trial court or preserved for review in this court. Mindful of this right pos-

sessed by us, we have read carefully the record in this case and find no errors within the contemplation of the aforementioned rule. The record shows that the issues of defendant's negligence as submitted in plaintiff's Instructions Nos. 1, 2 and 3 were issues of fact for determination by the jury.

The judgment of the trial court should be affirmed. It is so ordered.

ANDERSON, P. J., and WOLFE, J., concur.