**MARLO COIL CORPORATION,
(Plaintiff) Respondent,**

v.

**GRAND PARK CORPORATION, a
Corporation (Defendant)
Appellant.**

No. 30674.

St. Louis Court of Appeals.

Missouri.

July 18, 1961.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Sept. 5, 1961.

Dorothy Scott Alloway, St. Louis, for appellant.

Rene J. Lusser and Lusser, Morris & Burns, St. Louis, for respondent.

JAMES D. CLEMENS, Special Judge.

This is an action to recover the $1,925 sale price of a water cooling tower. Tried without a jury, judgment was for plaintiff, and defendant appeals.

Defendant operated an air-conditioned bowling alley. From time to time it engaged one George Bailey to repair the cooling system. In June of 1953 Bailey was so engaged when the cooling tower was blown over. Bailey consulted defendant's president, Harris Herbert, and "another manager" on the premises about a replacement. One of them asked Bailey to submit a bid. He made a quotation of $2,250, including erection. Bailey told "them" that the new tower could be bought from plaintiff, Marlo Coil Corporation, for $1,925. Bailey added that he had no credit standing with plaintiff, and that the tower would have to be delivered C.O.D. "They" agreed, and Bailey ordered the tower from plaintiff. Defendant's employee Louis Dietrich was on hand when plaintiff delivered the tower. Dietrich executed a delivery receipt and issued the defendant's check for $1,925. Defendant later stopped payment on the check. Plaintiff's credit manager made demand for payment of defendant's secretary, who in turn asked him about a price concession on the sale. Defendant made no complaint about the tower, and it was still in use at the time of trial in May of 1960. At the close of plaintiff's case, the defendant moved orally "that there be a verdict for the defendant on the grounds that Mr. Lusser (plaintiff's counsel) has failed to prove contract between Marlo Coil and Grand Park Corporation." The motion was

denied. Defendant's president, Harris Herbert, was its only witness. He acknowledged talking with Bailey about replacing the tower, but denied authorizing him to have the tower bought from plaintiff. Defendant did not move for judgment at the close of the evidence.

Judgment was for plaintiff for $1,925 and interest of $800.81. Defendant moved for a new trial. Defendant also moved for judgment, attacking the sufficiency of the evidence to support the judgment. These motions were denied, and defendant appealed.

■■■ The defendant's first assignment of error is that the trial court erred in denying its "motion for a directed verdict" filed at the close of plaintiff's case because plaintiff failed to prove a contract between plaintiff and defendant. As stated, after this motion was denied by the trial court the defendant introduced evidence. Defendant thereby waived its right to complain of the trial court's action. Jacobs v. Frangos, Mo.App., 329 S.W.2d 262(1); and Lindsay v. McLaughlin, Mo.App., 311 S.W.2d 148(1). For still another reason the question of denying the defendant's motion at the close of plaintiff's evidence is not before us for review. The defendant did not present any such point in its after-trial motions. A motion for new trial is ordinarily the basis for appeal, and points not so presented are not preserved for review absent some statutory exception, not applicable here. Robbins v. Robbins, Mo., 328 S.W.2d 552(5); and Adams v. Richardson, Mo., 337 S.W.2d 911(1). It is true that in a case tried without a jury the sufficiency of the evidence *to support the judgment* need not be presented in the trial court. Civil Rule 73.01(d), V.A.M.R. That, however, is not the point raised by the defendant's first assignment here.

Accordingly, we hold that defendant's first assignment presents nothing for review.

■■■ We set out defendant's other assignment of error, Point II, omitting only the 36 citations under the several lettered sub-points:

"The trial court erred in overruling defendant's motions to set aside the judgment, to grant a new trial and to amend judgment by reversal.

"A. The judgment was against the weight of the evidence.

"B. The judgment was against the law.

"C. The judgment was against the evidence.

"D. The evidence was insufficient to justify the rendition of any judgment whatsoever against the defendant.

"E. There was a complete failure upon the part of the plaintiff to prove the facts alleged in plaintiff's petition which would have been necessary to entitle plaintiff to a judgment.

"F. The plaintiff failed to prove any facts which would have entitled the plaintiff to any recovery whatsoever against the defendant."

Civil Rule 83.05, V.A.M.R., at paragraphs (a) (3) and (e), required defendant to state in its brief what rulings of the court are sought to be reviewed, and wherein and why they are claimed to be erroneous. The rule contains an express caveat:

"Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."

The first sentence of defendant's Point II broadly states that trial court erred in denying its motion for new trial and in denying its motion for judgment. Even if this sufficed as an assignment of error, the whole does not comply with the rule because it does not distinctly allege why the trial

court's action was erroneous. Instead, it merely adds six abstract statements. These add nothing to the assignment." Ambrose v. M. F. A. Co-Operative Ass'n., Mo., 266 S.W.2d 647(1). See Meierotto v. Thompson, 356 Mo. 32, 201 S.W.2d 161(4), 165, where it was held that nothing was preserved for review by an assignment of error that the trial court erred in giving an instruction because it was "misleading, confusing and instructs on an abandoned issue." The same fate befell the appellant in State ex rel. and to the Use of the P. W. Finger Roofing Co. v. Koch, Mo.App., 272 S.W.2d 22(1), on an assignment that the trial court erred in denying a motion for a directed verdict because the testimony was "without probative force." See also Warren v. Weaver, Mo.App., 343 S.W.2d 682 (2), where it was held that nothing was preserved for review by an assignment that an instruction "was misleading and confusing, and constitutes prejudicial error." These last three cases hold that the quoted assignments are abstract statements of law. The present defendant's assignment is no less so. It utterly fails to comply with the rule, and hence presents nothing for our review.

■ The rule in question was proclaimed to facilitate the orderly administration of justice on appeal. An appellant's disregard of the rule imposes an undue burden not only upon the appellate court but upon opposing counsel. Failure to comply compels an appellate court to search the transcript and brief to ferret out possible errors. Thus, the appellate court would become an advocate for the appellant, and the respondent would be deprived of the opportunity of answering such theories of possible error as the court might conceive. We cannot assume such a role.

We hold, therefore, that there is nothing properly preserved here for review. We have considered our obligation under Civil Rules 79.04 and 83.24, V.A.M.R., but do not find that any manifest injustice or miscarriage of justice will result from our ruling

that the appeal be dismissed, and it is so ordered.

ANDERSON, P. J., and WOLFE, J., concur.

RUDDY, J., not participating.