In Re SEARCH WARRANT OF PROPERTY AT APARTMENT NO. 7, 15½ SOUTH WEBB STREET, in WEBB CITY, COUNTY OF JASPER, State of Missouri; Clarence Mays, Appellant.

No. 49486.

Supreme Court of Missouri,

Division No. 2.

July 10, 1963.

Myers & Birk, Webb City, for appellant.

Stewart E. Tatum, Pros. Atty., Max H. Glover, Asst. Pros. Atty., Webb City, for respondent.

BOHLING, Commissioner.

This is an appeal by Clarence E. Mays from a judgment overruling his motion to quash a search warrant, to suppress as evidence the property seized thereunder, and to have returned to him as owner the property ordered held and to be destroyed later under said judgment. The search warrant was issued under statutory provisions relating to the seizure of obscene books, pictures and other articles. §§ 542.380–542.430 (more particularly §§ 542.380 and 542.390) and Supreme Court Rule 33, V.A.M.R. (Statutory references are to RSMo 1959 and V.A.M.S.) Claimant's said motion presented Federal and State constitutional is-

sues, which he renewed in his motion for new trial and in his brief filed here. For instance, he contends that the application for and the search warrant based thereon violated the search and seizure provisions of the Missouri Constitution (Art. I, § 15 and see Sup.Ct.R. 33.01(b)) in that the books, pictures and other articles to be searched for and seized were not described with sufficient detail and particularity to enable the person executing said warrant to ascertain and identify the same, and (2) said warrant was issued without a sufficient showing of probable cause. Search Warrant of Property at 5 West 12th St. v. Marcus, Mo., 334 S.W.2d 119[1, 7]. See State v. Burton, Mo., 349 S.W.2d 228[1].

■ Having jurisdiction, this court will determine the whole case without regard to the issue upon which the case may turn. In re Toler's Estate, Mo., 325 S.W.2d 755 [1] and cases cited; Taylor v. Dimmitt, 336 Mo. 330, 78 S.W.2d 841[1], 98 A.L.R. 995.

The briefs filed here style this case as follows: "In re Search Warrant of Property at Apartment No. 7, 15½ South Webb Street, in the City of Webb City, County of Jasper, State of Missouri, Respondents, vs. Clarence Mays, Appellant." We think it better to show the title as in the caption of this opinion.

■ The State, through an Assistant Prosecuting Attorney of Jasper County, filed a motion (dated January 9 and filed January 11, 1962) to dismiss this appeal on the ground appellant had not served or supplied the State with a copy of his brief. Supreme Court Rule 83.09. Rule 83.06(a) requires an appellant to deliver to the respondent two copies of his brief forty-five days before the day the cause is set for hearing and a respondent to deliver two copies of his brief to the appellant fifteen days before said hearing. The State received a typewritten copy of appellant's brief on January 11th. This case was set for hearing on January 25th. Appellant failed to comply with Rule 83.06(a). Nei-

ther party has seen fit to furnish this court with a brief on the issue involved; but each has briefed the case on the merits. Appeals are not lightly dismissed (Ellis v. Farmer, Mo., 287 S.W.2d 840[4]), and our Rules also contemplate that appeals are not to be dismissed where the interests of justice require otherwise. See Rules 83.09, 83.24 and 79.04. Dye v. Geier, Mo., 345 S.W.2d 83, 89; Bohannon v. Camden Bend Drainage Dist., 240 Mo.App. 492, 208 S.W. 2d 794[1, 2]; Barewin v. Gillette, Mo.App., 343 S.W.2d 78[2]; Conser v. Atchison, T. & S. F. Ry. Co., Mo., 266 S.W.2d 587[1] and cases cited. The motion to dismiss is overruled on the ground that to hold otherwise on this review would result in injustice.

The Missouri Constitution (Art. I, § 15) seeks to protect persons, their homes and effects, from "unreasonable searches and seizures"; and provides that no search warrant "shall issue without describing the place to be searched, or the * * * thing to be seized, as nearly as may be; nor without probable cause, supported by written oath or affirmation." Supreme Court Rule 33.01(b) reads: "The complainant and the warrant issued thereon must contain a description of the personal property to be searched for and seized and a description of the place to be searched, in sufficient detail and particularity to enable the officer serving the warrant to readily ascertain and identify the same."

Section 542.380, upon complaint in writing under oath, authorizes the issuance of a warrant to search for and seize (quoting): "(2) Any of the following articles, kept for the purpose of being sold, published, exhibited, given away or otherwise distributed or circulated, viz.: obscene, lewd, licentious, indecent or lascivious books, pamphlets, ballads, papers, drawings, lithographs, engravings, pictures, models, casts, prints or other articles or publications of an indecent, immoral or scandalous character, or any letters, handbills, cards, circulars, books, pamphlets or advertisements or notices of any kind giving information, directly or in-

directly, when, where, how or of whom any of such things can be obtained."

The search warrant was issued upon the application of an Assistant Prosecuting Attorney of Jasper County, Missouri. The search warrant directed the Sheriff of Jasper County to make diligent search of the premises described therein, and to seize and bring before the Judge of Division No. II of the Circuit Court of said county any of the following property that might be found, that is (quoting): "[T]he following described property of obscene, lewd, licentious, indecent, and lascivious books, pamphlets, ballads, papers, drawing, lithographs, engravings, pictures, models, casts, prints, or other articles or publications of an indecent immoral or scandalous character, or any letters, handbills, cards, circulars, books or notices of any kind describing or purporting to describe any of such articles and giving information where or how any of such things can be obtained."

The above-quoted recitals in the search warrant are identical in all material particulars with the allegations in the application for said warrant.

A hearing on the State's petition for determining whether the articles seized under said search warrant were subject to the provisions of § 542.380(2), that is, obscene, and for their ultimate destruction (see §§ 542.400, 542.420; Sup.Ct.R. 33.05) and claimant's aforesaid motion to quash said warrant, et cetera (§§ 542.410, 542.420; Sup.Ct.R. 33.03, 33.05) was had on February 12, 1962. It was there developed that no testimony was taken at the presentation of the State's application for and the issuance of said search warrant. At said hearing of February 12th, a Deputy Juvenile Officer of said county testified Mr. Mays, on or about January 17th, stated to him that "he owned some party film and pictures," but made no statement as to any use of said articles; and, over objection interposed to hearsay testimony, that witness had heard Mr. Mays was exhibiting films and pictures of some sort. Thereupon, the

Assistant Prosecuting Attorney stated to the court he filed his application because he had reasonable grounds to believe such information. He stated under oath in the application that Clarence Mays "does keep for the purposes of being sold, published, exhibited, given away, or otherwise distributed or circulated" the obscene articles mentioned in said application and search warrant.

Said hearing established that the oath in said application for the search warrant rested upon hearsay based upon hearsay and was not supported by that standard of evidence for the determination of "probable cause" by a judge for the issuance of a search warrant under Supreme Court Rule 33.01(a); that is, evidential facts verified by oath or affirmation positively stated and not upon information and belief. It also appears that there was no proper showing that said articles were kept "for the purposes of being sold, published, exhibited, given away, or otherwise distributed or circulated," as alleged in said application. The search warrant was improperly issued upon the word of an officer. It was good or bad when issued and its character was not changed by what its execution disclosed. We understand it does not necessarily follow, however, that constitutional guarantees are contravened where an oath or affirmation to establish probable cause is based upon information received through an informant in instances where such information is reasonably corroborated by other matters within the affiant's knowledge. Jones v. United States, 362 U.S. 257, 267, 80 S.Ct. 725, 4 L.Ed.2d 697; Draper v. United States, 358 U.S. 307, 325, n. 10, 79 S.Ct. 329, 3 L.Ed.2d 327. Such, however, is not this case.

Our files disclose that the warrant in Search Warrant of Property at 5 West 12th St. v. Marcus, Mo., 334 S.W.2d 119, directed the officers executing the same, as did the instant search warrant, to search for and seize the articles named in said § 542.380(2) without further directions for the exercise of discretion as to what constituted an obscene article. Of the broad discretion conferred upon the officers in the Marcus case, merely repeating the language of the statute and the complaint with respect to the property subject to the warrant, the United States Supreme Court upon review stated: "They [the officers] were provided with no guide to the exercise of informed discretion, because there was no step in the procedure before seizure designed to focus searchingly on the question of obscenity." In the Marcus case only one-third of the publications seized were finally considered obscene, and the court considered that this "strengthens the conclusion that discretion to seize allegedly obscene materials cannot be confided to law enforcement officials without greater safeguards than were here operative." Marcus v. Search Warrants of Property, 367 U.S. 717, 732, 81 S.Ct. 1708, 6 L.Ed.2d 1127. The judgment in the case before us held 19 of the 104 exhibits seized in the execution of the search warrant to be obscene and, by the judgment, they were ordered retained by the Sheriff to be later destroyed. In these circumstances and under the authority of the Marcus case the search warrant here involved failed to describe the personal property involved "in sufficient detail and particularity to enable the officer serving the warrant to readily ascertain and identify the same" as required by Supreme Court Rule 33.01(b).

We have considered constitutional questions should not be determined unless their determination is essential to a proper disposition of the appeal. State ex rel. State Board of Mediation v. Pigg, 362 Mo. 798, 244 S.W.2d 75, 79[5]; State ex rel. Volker v. Kirby, 345 Mo. 801, 136 S.W.2d 319, 322; Rider v. Julian, 365 Mo. 313, 282 S.W.2d 484, 497[23]; 16 C.J.S. Constitutional Law § 94; 11 Am.Jur. § 94. The case has already broken and we leave the other issues for decision, if ever, in some case pivoting on them.

The judgment is reversed and the cause is remanded with directions to enter a judg-

ment sustaining claimant's motion to quash the search warrant, suppress as evidence the property seized thereunder and to have returned to claimant the property withheld from him.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.