**UNIVERSITY CITY, Plaintiff-Respondent,**

v.

**DIVELEY AUTO BODY COMPANY, Inc., a Corporation, Defendant-Appellant.**

Nos. 52069, 52070.

Supreme Court of Missouri, En Banc.

June 12, 1967.

John J. Morris, City Counselor and John F. Mulligan, Associate City Counselor, University City, for respondent-plaintiff.

Milton Suffian and Joseph S. Rosenthal, St. Louis, for defendant-appellant.

BARRETT, Commissioner.

In separate informations and appeals, consolidated for trial and here, the Diveley Auto Body Company, Inc., was charged with unlawfully maintaining nonconforming signs in violation of the zoning ordinances of University City. Upon trial in the circuit court the appellant was found guilty and assessed a fine of $100.00 and costs in each case, and after its motion for a new trial was overruled perfected its appeal to this court on the theory that they were "cases involving the construction of the Constitution of the United States or of this state." Const.Mo. Art. 5, § 3, V.A. M.S.

In the first place the respondent city contends that the appellant's "statement of error and points relied upon" are mere "abstract statements of law and do not specify the allegations there relied on," all in violation of Civil Rule 83.05(e), V.A.M. R., and therefore do not present reviewable questions to this court. The assignments in the appellant's brief are indeed abstract and conclusional but the respondent does not claim that the appellant's brief is such a violation of the rules as to require a dismissal and the appellant's two-point position is plainly understandable from the argument section of its brief and there is not such a flagrant abuse of the rules that this court should on its own initiative dismiss the appeal. Warren v. Weaver, Mo.App., 343 S.W.2d 682; Domijan v. Harp, Mo., 340 S.W.2d 728, 731–732 and compare Marlo Coil Corporation v. Grand Park Corporation, Mo.App., 348 S.W.2d 610.

As to the basic jurisdictional problem, questioned by the respondent, it may only be said that upon this record and in this particular case it is unnecessarily and vexatiously complex. In the first place, the prosecutions are not for the commission of conventional misdemeanors (RSMo 1959, § 556.040), criminal offenses (22 C.J.S. Criminal Law § 7, p. 17), but are rather to enforce a billboard ordinance or, strictly speaking, to recover penalties for its violation. City of Webster Groves v. Quick, Mo., 319 S.W.2d 543, 545. But in either case jurisdiction of appeals is appropriately in a court of appeals unless a constitutional question is timely raised and

kept alive. City of St. Louis v. Page, Mo. App., 259 S.W.2d 98. And the city does not make the usual claim that the constitutional questions were not urged or kept alive at all levels, city as well as circuit court (City of Frankford v. Davis, Mo.App., 348 S.W.2d 553), its claim is that the issue was not properly and timely raised consistently with good pleading and orderly procedure because "plaintiff had three prior cases in the Circuit Court whereby the issue could have been raised involving the same violation and in addition thereto appellant previously filed an injunction suit again involving essentially the same violation which was disposed of by defendant consenting to dismiss the case at its costs and agreeing to comply with the zoning ordinance." In short, the city says that by reason of other suits between the same parties and other prosecutions, at one time or another it was said that there had been as many as twenty-eight such cases, the appellant could and should have raised the constitutionality of the ordinances and having failed to do so may not urge them in either these trials or on appeal. The precise point is all but unique and the cases cited by the respondent, instances of constitutionality not being raised until and except in the motion for new trial (State v. Arnett, Mo.App., 370 S.W.2d 169) are not helpful. There may be no cases dealing with the precise contention and Massey-Harris Harvester Co. v. Federal Reserve Bank, 340 Mo. 1133, 104 S.W.2d 385, is not plainly in point because based in part on the theory of "inherently involved" and yet there is a lesson in the case if not an analogy. There the plaintiff alleged that a statute was unconstitutional and the defendant moved to transfer the case to the court of appeals claiming that the constitutional question had not been properly preserved because not raised in the prior trial and appeal and presumably therefore waived. But the court pointed out that the first trial did not in fact involve the new challenged state statute which was only brought into the case on appeal and so this court said, "Under these circumstances, we hold

that the question was timely raised by the relief sought (to prevent its application [as being unconstitutional]) in the amended petition filed before the second trial."

■ On the other hand, the informations involved here were of necessity originally filed in the police or city court and were in the circuit court "by the filing of transcripts on appeal" (City of St. Louis v. Stenson, Mo.App., 333 S.W.2d 529) and it does not affirmatively appear upon this record that the appellant challenged the constitutionality of the billboard sections of the ordinance in that court. Colloquy of counsel indicated that "constitutional propositions" had been raised in the first equity action. But here there were no formal before-trial motions attacking the informations (Criminal Rules 25.-05; 25.06, V.A.M.R.) but at the close of the city's case the appellant filed motions to "dismiss information(s)" alleging as grounds that the billboard sections of the ordinance were unreasonable, discriminatory, not related to health, safety or welfare and violated due process and equal protection under both state and federal constitutions. In its motion for new trial these same grounds and perhaps some additional constitutional grounds were set forth. In these circumstances and for the purposes of appellate court jurisdiction within the meaning of the constitution (Const. Mo. Art. 5, § 3) the issue of unconstitutionality was timely and sufficiently raised. Village of Bel-Nor v. Barnett, Mo., 358 S.W.2d 832, 836–837. And jurisdiction of the appeal remains in this court even though the constitutional question is in fact without merit or unnecessary to a disposition of the cause. City of St. Louis v. Flynn, Mo., 386 S.W.2d 44; In re Search Warrant of Property, Mo., 369 S.W.2d 155.

■ The difficulty with the appellant's cause is not constitutionality in the jurisdictional sense but in the fact that the allegations of its motions are not supported by the record. The first point in its

brief is that the court erred in admitting the ordinances in evidence because by reason of the due process clauses they "are unconstitutional and void." In its brief in this connection it argues from the definitions of the ordinance, and the footage allowed for certain signs that the city "does not treat all classes the same under these sign regulation ordinances" hence they do not rest upon "a rational basis of classification" and infringe constitutional guaranties of due process, equal protection and even of free speech. In part the parties have relied upon certain of the zoning ordinance cases and in some respects they are applicable but there is in fact a vast difference in general zoning ordinances and billboard ordinances even though the latter may be, as here, a part of the former. 3 Am. Jur. (Advertising) § 14, p. 371; 62 C.J.S. Municipal Corporations § 221 b(4), pp. 405–408. In the second place, while the appellant seeks to demonstrate from the terms of the ordinance alone that it is unreasonable that was not the basis of its defense in the trial court. It did not attempt here as in the leading billboard cases (St. Louis Gunning Advertising Co. v. City of St. Louis, 235 Mo. 99, 137 S.W. 929; St. Louis Poster Advertising Co. v. City of St. Louis, Mo., 195 S.W. 717; and Kansas City Gunning Advertising Co. v. Kansas City, 240 Mo. 659, 144 S.W. 1099) to prove that there was no need or reasonable basis for the ordinance and that therefore it was unconstitutional. Those cases held upon the facts there adduced and as against virtually the same arguments advanced here that the billboard ordinances were a valid and reasonable exercise of the police power. Annotations 72 A.L.R. 465, 466; 58 A.L.R.2d 1314. As against the objections urged here those cases are applicable and controlling and the court did not err in admitting the ordinances in evidence.

The zoning ordinance, enacted April 6, 1959, in section 2010.7 provided that "any such nonconforming sign shall, within a period of three years (the appellant says one year) * * * either be made to comply with all the provisions hereof or be removed." The appellant's defense to the two charges was that the signs on its property were all erected in 1954, that it purchased the property in 1958 with the signs in place and therefore had a vested, protectible nonconforming use making, as to its property, the ordinance unconstitutional and void. The city does not controvert these facts or even the principles relied on, but the city is not in these prosecutions seeking to compel the removal of all the signs or to completely take away or destroy the owner's nonconforming use of its property as in the true nonconforming zoning use cases of State ex rel. Capps v. Bruns, Mo.App., 353 S.W.2d 829; Hoffmann v. Kinealy, Mo., 389 S.W.2d 745 and Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491. The prosecutions here, instituted in 1965, are for the continued unlawful maintenance of nonconforming signs "to wit: (a) excessive number of signs, and (b) signs at improper heights." There may have been a fact issue as to the existence of nonconforming signs although the city does not seem to challenge the fact. See Bartholomew v. Board of Zoning Adjustment, Mo.App., 307 S.W.2d 730; Veal v. Leimkuehler, supra. In any event, as to this particular cause "Some regulations by a municipal corporation of billboards or advertising structures have been held to apply to structures erected prior to their passage or enactment; and they have been regarded as not offensive to the provisions of the organic law protecting vested interests or inhibiting retrospective legislation." 62 C.J.S. Municipal Corporations § 221 b(4), p. 408. In Kansas City Gunning Co. v. Kansas City, 240 Mo. l.c. 676, 144 S.W. l.c. 1103, 1104, speaking of a billboard ordinance, the court said: "Such ordinances are enforceable, when otherwise valid, *in praesenti* as well as *in futuro*. They do

not in a legal sense *take* the property of persons against whom they are directed. They simply *regulate* the use of such property by prohibiting its injurious or criminal use by the owner, and hence they do not offend (as claimed by plaintiff) any provision of the organic law protecting vested interests or inhibiting retrospective legislation."

In accordance with the indicated views the judgments in these consolidated cases are affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C. is adopted as the opinion of the Court en Banc.

All of the Judges concur except FINCH, Acting P. J., who dissents in separate dissenting opinion filed.

FINCH, Acting Presiding Judge (dissenting).

I respectfully dissent from the principal opinion herein. I have concluded that this case is governed by the opinion of this court en banc in Hoffmann v. Kinealy, Mo., 389 S.W.2d 745.

Defendant is prosecuted herein for maintaining advertising signs which do not conform to a University City zoning ordinance. The signs in question were erected in 1954 and were in place on the property when it was purchased by defendant in 1958. The zoning ordinance under which defendant is prosecuted was enacted April 6, 1959. That ordinance was made applicable to existing as well as future advertising signs. Section 2010.7 of the ordinance provided that within three years from the date of the ordinance, all nonconforming signs existing on the effective date of the

ordinance should be made to conform or should be removed. The defendant is charged with having an excessive number of signs under the ordinance. Presently, there are ten signs on his propery, and under the ordinance he would be required to reduce the number from ten to two signs. There also was a complaint that the signs were of improper height under the zoning ordinance. It appears that there was no complaint as to any structural defect or that the signs were not safe and sound.

In the Hoffmann case this court held that lawful nonconforming use of land or buildings constituted a vested property right which a city may not take under a zoning ordinance by the amortization technique. The court held that to permit such a procedure would constitute the taking of property without just compensation and without due process.

In Hoffmann the lots were being used for open storage of lumber, building materials and construction equipment and had been so used prior to the adoption of the zoning ordinance. When the zoning ordinance was adopted, it provided that use of land within any dwelling district for purposes of open storage not conforming to the provisions of the ordinance should be discontinued within six years from the effective date of the ordinance. The court held that there was no basis for distinguishing between use of vacant lots or buildings and that in either event a pre-existing lawful nonconforming use of the property constituted a vested right which could not be taken by the amortization process.

I can see no difference between an ordinance which undertakes to amortize the right to store lumber, for example, on a vacant lot and one which attempts to amortize the right to have billboard signs on a lot. It is true that in the St. Louis ordinance the right to open storage was to be completely eliminated at the end of the amortization period, whereas here the ef-

fect is to eliminate the right to use eight of the ten signs rather than to completely eliminate the right to have billboards. This, however, is not any valid basis for distinction between the two cases. In oral argument counsel for the City conceded that if in Hoffmann the ordinance of the City of St. Louis had provided that after the amortization period the owner could only have two stacks of lumber, whereas before he had more, the result would and should have been the same. He concedes that under those circumstances the ordinance would be unconstitutional. Consequently, we are faced with the question of whether there is any valid basis for establishing a different rule with respect to amortization of the right to have pre-existing nonconforming billboards and the right to have pre-existing nonconforming stacks of lumber. It should be kept in mind that this is not a proceeding in which the City sought to abate these billboards as a nuisance. No evidence was offered that garbage was dumped behind the billboards, or that they constituted a health hazard, or that criminals lurked behind them. Instead, this proceeding is on the basis that the right to maintain these billboards expired after the amortization period, and the fundamental issue therefore is identically the same as it was in the Hoffmann case, i. e., may the City, by the amortization technique, eliminate pre-existing lawful nonconforming use of vacant property.

The principal opinion relies on the case of Kansas City Gunning Advertising Co. v. Kansas City, 240 Mo. 659, 144 S.W. 1099. In that case there were pleadings and proof that the billboards were defective, that they were a menace to safety, that they were hiding places for criminals, that they constituted fire hazards, that some had fallen down and injured people, and

that they were a public nuisance. The court did, however, say that the ordinance was enforceable *in praesenti* as well as *in futuro*, and that such ordinances did not take property of persons but simply regulated its use. I am not certain that when the Kansas City Gunning case is analyzed it necessarily is in conflict with Hoffmann, but to the extent that it holds or infers that billboards which are not shown to be a nuisance and therefore constitute a pre-existing lawful nonconforming use of the property may be eliminated merely by the amortization technique, I would hold that the Gunning case was overruled by Hoffmann.

The Hoffmann opinion recognized that municipalities have employed various approved methods of diminishing and eliminating nonconforming uses by prohibiting resumption after abandonment, or by restricting a change from one nonconforming use to another, or by preventing rebuilding or alteration of nonconforming structures, but held that nonconforming uses may not be eliminated by simply allowing a period of time during which the owner may continue the nonconforming use.

Clearly, the ordinance involved here employs the amortization method of eliminating nonconforming use of property which was condemned in the Hoffmann case. Consequently, I would reverse the judgments.

The defendant also asserts that the ordinance is discriminatory and unconstitutional in that it permits 600 square feet of signs to advertise products not sold on the premises, whereas it permits only 450 square feet for products sold on the premises. I would not reach the determination of that question because, in my judgment, the case is ruled by Hoffmann.