CULBERTSON, Appellant, v. YOUNG.

**Division Two, May 8, 1900.**

**Appellate Jurisdiction:** AMOUNT INVOLVED. Plaintiff sued for $7,180, and obtained verdict for $783.25, and a new trial was granted on defendant's motion, and plaintiff desires "the judgment setting aside the verdict to be reversed and the cause remanded with directions to enter up judgment on the verdict." *Held*, that the Supreme Court has no jurisdiction of the appeal.

Transferred from Kansas City Court of Appeals.

REMANDED.

*Virgil Conkling* and *Hale & Son* for appellant.

*L. H. Waters* for respondent.

GANTT, P. J.—Plaintiff brought his action in the circuit court of Carroll county against defendants to recover damages for the conversion of certain personal property, alleged to be worth $7,180. The answer was a general denial. A trial was had, and a verdict rendered for plaintiff for $783.25. Defendant moved for a new trial, which the court granted. Plaintiff duly excepted to the action of the court in awarding defendants a new trial and appealed from said order to the Kansas City Court of Appeals. That court on motion has transferred the cause to this court.

This court has no jurisdiction of this appeal. The utmost that is involved in this appeal is the amount of the verdict rendered in the circuit court. Appellant in his brief asks "that the judgment of the circuit court in setting aside the verdict of the jury and granting a new trial be reversed and the cause remanded with directions to enter up a judgment on the verdict." Plaintiff sought no new trial in the circuit court and

his claim for the original amount sued for is not here at this time.    He seeks only to have a judgment entered on his verdict for $783.25.    If he should succeed that would end the case.

The propriety of setting aside that verdict is the only matter involved in this his special appeal, and this court has no jurisdiction, as it is less than twenty-five hundred dollars. On the other hand if the circuit court did not err in granting the new trial, no final judgment has been rendered in that court from which an appeal can be taken.    Roselle v. Farmers' Bank, 119 Mo. 84, is not authority for the claim that this court has jurisdiction.

The cause is ordered re-transferred to the Kansas City Court of Appeals.    *Sherwood* and *Burgess, JJ.,* concur.