SAMUEL J. REAVES, Appellant, v. NATHAN RIEGER, Respondent, No. 41680—232 S. W. (2d) 500.

Division One, September 11, 1950.

1092

*Trusty, Pugh & Green, Guy W. Green* and *Donald T. Patterson* for appellant.

*Kemp, Koontz, Clagett & Norquist, William E. Kemp* and *Thomas J. Wheatley* for respondent; *Butler Disman* of counsel.

VAN OSDOL, C.—Action for $10,000 actual and $10,000 punitive damages for alleged false arrest and imprisonment. The jury awarded plaintiff $5000 actual damages. The trial court, sustaining defendant's motion, set aside the verdict and ensuing judgment for plaintiff and entered judgment for defendant in accordance with defendant's former motion for a directed verdict and, in the alternative, ordered a new trial on specified grounds. Section 113, Civil Code of Missouri, Laws of Missouri 1943, p. 387, Mo. R. S. A. 1939, § 847.113; Hughes v. St. Louis Nat. League Baseball Club, 359 Mo. 993, 224 S. W. 2d 989. Plaintiff has appealed from the judgment and alternative order.

Plaintiff-appellant contends the trial court erred in setting aside the verdict for plaintiff and entering judgment for defendant, and, in the alternative, in granting the new trial. Plaintiff-appellant urges the judgment for defendant and the alternative order granting the new trial should be reversed and the verdict and judgment for plaintiff reinstated.

Before reviewing the case upon the merits of the appeal, we have the duty of examining the record to determine if this court has jurisdiction of the appeal. Fanchon & Marco Enterprises v. Dysart, Mo. Sup., 189 S. W. 2d 291. Defendant-respondent has raised the question of this court's appellate jurisdiction, and plaintiff-appellant asserts this court has appellate jurisdiction on the ground of the "amount in dispute." Section 3, Article V, Constitution of Missouri, 1945, Mo. R. S. A. 1939, Const. Art. V, § 3. No other ground on which this court's appellate jurisdiction can be invoked appears in the record.

If both the judgment for defendant and the order granting a new trial were reversed, the plaintiff-appellant would gain and defendant would lose $5000, by the reinstatement of the jury's verdict. On the other hand, if the judgment for defendant were affirmed, the plaintiff-appellant would lose only that for which he contends on this appeal, that is, $5000, the amount of the verdict which he seeks to reinstate. If the judgment for defendant were reversed ▇▇▇ and the order granting the new trial were affirmed, plaintiff-appellant would lose on this appeal only that for which he contends, that is, the reinstatement of a verdict awarding $5000.

Plaintiff-appellant, in making a jurisdictional statement in his brief as required by Supreme Court Rule 1.08, has stated that, if the trial court's order granting a new trial was proper, this court cannot reinstate the verdict and, consequently, the "amount in dispute" is the amount prayed for in plaintiff's petition. It is true the amount prayed for in plaintiff's petition would be the amount involved in the trial court on a new trial, if the judgment for defendant were reversed and the order granting the new trial affirmed. However, plaintiff-appellant did not seek a new trial and herein urges that the verdict and judgment in his favor should be reinstated. Plaintiff-appellant's claim for the original amount prayed for is not now before this court. On *this* appeal, the amount of the verdict which the trial court set aside is determinative of appellate jurisdiction. As we have said, plaintiff-appellant contends that the judgment for defendant *and* the alternative order granting a new trial were erroneous and that the jury's verdict awarding $5000 for plaintiff should be reinstated. Defendant-respondent makes converse contentions.

From a standpoint of plaintiff-appellant and of defendant-respondent, the "amount in dispute" on this appeal is $5000, not the amount ($20,000) prayed for in plaintiff's petition. State ex rel. Long v. Ellison, 272 Mo. 571, 199 S. W. 948; Williams v. Atchison, T. & S. F. R. Co., 233 Mo. 666, 136 S. W. 304; Culbertson v. Young, 156 Mo. 261, 56 S. W. 893; Section 3, Article V, Constitution of Missouri, supra.

The cause should be transferred to the Kansas City Court of Appeals.

It is so ordered. *Lozier* and *Aschemeyer, CC.,* concur.

PER CURIAM:—The foregoing opinion by Van Osdol, C., is adopted as the opinion of the court. All the judges concur, except *Hollingsworth, J.,* not voting because not a member of the court when the cause was submitted.