Gladys HEMPHILL and William L. Crouch, Appellants,

v.

L. Craig JACKSON, Administratrix of the Estate of C. Lee Downey, Deceased, Respondent.

No. 45814.

Supreme Court of Missouri, Division No. 1.

July 22, 1957.

8

Tilford & Dobbins, Stuart Alexander, Louisville, Ky., Fuller, Ely & Hibbard, Hannibal, for appellants.

Carstarphen & Harvey, Rendlen & Rendlen, Hannibal, for respondent.

COIL, Commissioner.

This is an appeal from a judgment in a proceeding for the discovery of assets. C. Lee Downey died intestate in Marion County on March 7, 1953. Respondent, L. Craig Jackson, was appointed administratrix of his estate. Appellants, plaintiff and intervenor below, claimed to be kin to and heirs of Downey. They averred in their petitions for the discovery of assets that respondent, L. Craig Jackson, administratrix, had wrongfully failed to inventory in the estate a one-half interest in 1,440 shares of the preferred stock of C. L. Downey Company, an Ohio corporation, licensed to and doing business in Missouri. The certificates in question were issued to "C. Lee Downey or Mrs. L. Craig Jackson." The total preferred stock consisted of 1,500 shares of no par value. The issues made by the interrogatories and the answers and tried were these: whether appellants were kin to deceased and, if so, whether administratrix was the adopted daughter of intestate so that she would receive the stock in any event; whether the shares of stock, by virtue of the certificates issued in the form above stated, were held by deceased and Mrs. Jackson as tenants in common or as joint tenants with the right of survivorship; and whether that question should be determined by the substantive law of Missouri or by the substantive law of Ohio.

The trial court, on an appeal from the judgment of the probate court, adjudged that the plaintiff and intervenor below could maintain the action; that respondent administratrix was not the adopted daughter of deceased; that the question of tenancy in common or joint tenancy should be determined by the substantive law of Ohio; and that, by the substantive law of Ohio, the administratrix and the deceased owned the shares as joint tenants with right of survivorship and, consequently, that administratrix was not withholding assets from the estate.

■ We have examined the question of our jurisdiction. The parties assert that jurisdiction is in this court because the amount in dispute exceeds the sum of $7,500. Appellants say that the money value of the 1,440 shares of preferred stock is $144,000 and that, inasmuch as Mrs. Jackson would be deprived of $72,000 if the court adjudged that the shares were held by deceased and her as tenants in common, the sum in dispute is in excess of $7,500. We have minutely searched the record for any evidence of the value of the preferred stock of C. L. Downey Company. We find no direct evidence of value and we find nothing in the record from which a reasonable inference may be drawn as to the value of such shares. In one of the briefs, under the heading "Jurisdictional Statement," it is said that "The Preferred Stock was redeemable at $100.00 per share, 4 per cent interest." Obviously, the fact that the shares were redeemable by the corporation at a certain price has no tendency whatever to show the value of such shares of stock at any particular time.

■ This court has only such jurisdiction as has been specifically conferred upon it by the constitution and the ground or grounds for our jurisdiction must affirmatively appear of record when an appeal is taken. Haley v. Horwitz, Mo.Sup., 286 S.W.2d 796. It does not affirmatively appear of record in the instant case that the amount in dispute, exclusive of costs, ex-

ceeds the sum of $7,500 and no other ground for this court's appellate jurisdiction appears. Article V, Section 3, 1945 Missouri Constitution, V.A.M.S.

The case should be and is transferred to the St. Louis Court of Appeals.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur except HYDE, J., absent.