**CITY OF ST. LOUIS (Plaintiff),
Respondent,**

v.

**Thomas STENSON (Defendant), Appellant.**

No. 29586.

St. Louis Court of Appeals.

Missouri.

March 15, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied and Opinion Modified on Court's Own Motion April 12, 1960.

LaTourette & Rebman, George F. Gunn, Jr., St. Louis, for appellant.

Charles J. Dolan, Acting City Counselor, W. H. Freivogel, Asst. City Counselor, St. Louis, for respondent.

RUDDY, Judge.

Defendant was charged in the City Court of St. Louis with violation of Ordinance No. 47067 of said City. The record before us does not show the ruling made in the City Court of St. Louis. However, it is obvious an appeal was taken to the St. Louis Court of Criminal Correction by the party who suffered an adverse decision in said City Court.

In the St. Louis Court of Criminal Correction the defendant was found guilty and a fine of $25 was assessed against him, from which judgment he has appealed. The appeal is submitted here on an "agreed statement of facts in lieu of the transcript of record." The agreed statement of facts is brief and we adopt it as our statement of facts of this case and it is as follows:

"1. The appellant is employed as a truck driver for the Be-Mac Transport Company, Inc., which said company is a Missouri Corporation engaged in the transporation of general commodities between St. Louis, Missouri and other points and places as more particularly shown in its certificate of public convenience and necessity issued to it by the Interstate Commerce Commission, a copy of which is attached hereto as Exhibit A.

"2. The said Be-Mac Transport Company, Inc. has secured from the Public Service Commission of Missouri, appropriate authority to engage in the business of a motor carrier in interstate commerce on the public highways of this State and more particularly on U. S. Highway 67, north from the limits of the City of St. Louis, said permits having been issued pursuant to the requirements and provisions of Section 390.071 R.S.Mo. 1949 [V.A.M.S.].

"3. The said Be-Mac Transport Company, Inc. owns its terminal property in the City of St. Louis, which said property is located at 7400 North Broadway.

"4. On the 7th day of September, 1955, there was in existence St. Louis City Ordinance No. 47067, which said Ordinance restricted the use of motor vehicle traffic operating into or out of St. Louis over U. S. Route 67 by way of Riverview Boulevard and the Halls

Ferry Circle to vehicles of thirty-three (33) feet or less; that Riverview Boulevard, in the City of St. Louis, is designated as U. S. Highway 67.

"5. The appellant, Thomas Stenson, at the direction of his employer, Be-Mac Transport Company, Inc., did on the 7th day of September, 1955, traverse north from St. Louis over Route 67 by way of Riverview Boulevard and Halls Ferry Circle, in a tractor-trailer combination, the combined length of which was greater than thirty-three (33) feet, but less than forty-five (45) feet.

"6. On February 15, 1956, appellant was adjudged guilty of violation of St. Louis Ordinance No. 47067 and assessed a fine of twenty-five ($25.00) dollars and costs, from which judgment appellant has appealed."

Attached to the aforesaid agreed statement of facts was a copy of the minutes of the instant case as they appeared in the record and file in the Clerk's Office of the St. Louis Court of Criminal Correction. The matters shown thereon pertinent to a review of this case are as follows:

"Mar. 15, 1956 Defendant files motion for new trial.

"Mar. 23, 1956 Motion for a new trial overruled."

Exhibit A was also attached to said agreed statement of facts and, as indicated in the said statement of facts, a certificate of public convenience and necessity was issued to the Be-Mac Transport Company, Inc., by the Interstate Commerce Commission. No point is raised concerning the right under said certificate of the Be-Mac Transport Company, Inc., to engage in the transportation of commodities at the point and on the street where defendant was arrested. For this reason we do not state the contents of the aforesaid certificate.

The pertinent part of Ordinance No. 47067 involved in this appeal is as follows:

"Section One. No person shall drive a commercial vehicle or combination of same having an over-all length of more than thirty-three feet or a weight of more than two and one-half tons upon Riverview Boulevard between the west line of Broadway and the north line of Wabash Railroad Right-of-Way at its intersection with Riverview Boulevard except that such vehicle may be driven upon said street to make deliveries, load or unload, service a vehicle or service any land or building upon said street."

Defendant presents two points for our review, one of which he states as follows:

"The trial court erred in failing to find that Ordinance No. 47067 was unconstitutional as creating an undue burden on interstate commerce and denying equal protection of the law, because City Ordinance No. 47067 is an unlawful attempt to regulate interstate commerce in that:

"A. There has been no delegation by the State or Federal Government to the City of St. Louis to regulate the length of motor vehicles in interstate commerce.

"U.S.Const. Art. 1, Sec. 8, Cl. 3.

"B. Ordinance 47067 permits vehicles which are of greater length than that driven by appellant to traverse the state highway at the same point where appellant traversed and was arrested for traversing.

"U.S.Const., Amend XIV, Sec. 1; Mo.Const., Art. 1, Sec. 2 [V.A.M.S.]."

In this point, relied on by defendant, he contends that Ordinance No. 47067 is unconstitutional because it creates an undue burden on interstate commerce and denies equal protection of the law and, therefore, is in violation of stated provisions of the Constitution of the United States and the

Constitution of the State of Missouri. This point compels us to pause for an examination of our jurisdiction to entertain this appeal.

If the constitutional question presented here was properly raised in the trial court at the earliest opportunity and was kept alive throughout the case and sufficiently preserved in the motion for new trial, jurisdiction of this appeal would be in the Supreme Court of this state, if, additionally, the constitutional question rested on a matter or matters of substance, not merely color, and was not based on speculation and conjecture.

■ No question of our jurisdiction has been raised by the parties to this appeal, but before reviewing the case upon the merits we have the duty of examining the record to determine if this court has jurisdiction of the appeal. Reaves v. Rieger, 360 Mo. 1091, 232 S.W.2d 500; Flynn v. First National Safe Deposit Company, Mo. App., 273 S.W.2d 756.

■ The Supreme Court of this state has exclusive appellate jurisdiction in all cases involving the construction of the Constitution of the United States or of this state (Article V, Section 3, V.A.M.S.), but that ground must affirmatively appear of record in order to confer jurisdiction on the Supreme Court. Hemphill v. Jackson, Mo., 304 S.W.2d 7; Holland v. City of St. Louis, Mo., 262 S.W.2d 1; Lemonds v. Holmes, Mo., 229 S.W.2d 691.

In the case of City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, loc. cit. 380, the Supreme Court of this state said:

"To invoke our jurisdiction on the ground a constitutional question is involved a party must follow four requirements. 1. He must raise the constitutional question at his first available opportunity; 2. he must designate specifically the constitutional provision claimed to have been violated. such as by explicit reference to the Article and Section or by quotation of the provision itself; 3. he must state the facts showing such violation; 4. he must preserve the constitutional question throughout for appellate review."

■ In the aforementioned case of City of St. Louis v. Butler Co., supra, the Supreme Court said the doctrine of inherency no longer attains and was unconstitutional. Therefore, the above stated four factors must appear affirmatively in the record before the Supreme Court has jurisdiction of a ground which invokes a constitutional question.

■ The preservation of the constitutional question for appellate review requires the appellant (defendant in this case) to keep the constitutional question alive by proper objection throughout the trial and it must be preserved in the motion for new trial. State v. Brookshire, Mo., 325 S.W. 2d 497; State v. Becker, Mo.App., 268 S. W.2d 51.

■ No place in the agreed statement of facts is it affirmatively shown that the constitutional question was raised in the St. Louis Court of Criminal Correction or in the City Court of the City of St. Louis. The record before us is devoid of any claim in the lower courts that any constitutional right of the defendant has been infringed or denied. Absent any such affirmative showing in the record, the Supreme Court would not have jurisdiction of this appeal. Therefore, the jurisdiction of this appeal is in this court. The constitutional question attempted to be raised by defendant in this appeal cannot be considered by this court. However, this court has jurisdiction to review the remaining point relied on by the defendant.

In this remaining point, relied on by defendant, he contends the City of St. Louis is without authority to enact Ordinance No. 47067, because the legislative body of the State has enacted laws regulating the length of motor vehicles using the highways of

this state and the aforesaid city ordinance is in direct conflict with the state law.

The city ordinance involved prohibits the driving of commercial vehicles or combinations of same having an over-all length of more than 33 feet between certain designated points upon Riverview Boulevard. In this ordinance the City of St. Louis has attempted to regulate the length of commercial vehicles traveling on the designated portion of Riverview Boulevard. The portion of Riverview Boulevard designated in the ordinance and being traveled by defendant at the time of his arrest falls within the term "highway" as used in the Statutes of the State of Missouri.

Section 301.010 RSMo 1949, (as re-enacted by Laws of Mo.1951, p. 695) 16 V.A. M.S., defines "highway" as follows:

"(6). 'Highway,' any public thoroughfare for vehicles, including state roads, county roads and public streets, avenues, *boulevards*, parkways or alleys *in any municipality*." (Emphasis supplied.)

At the time of his arrest defendant was operating his vehicle over a route within the authority granted by the Interstate Commerce Commission and the Missouri Public Service Commission.

Section 304.170 RSMo 1949, 16 V.A.M.S., (as amended Laws 1953, p. 568) in effect at time of defendant's arrest, provides:

"1. No motor-drawn or propelled vehicle shall be operated on the highways of this state the width of which, including load, is greater than ninety-six inches, except clearance lights, rear view mirrors or other accessories required by federal, state, or city law or regulation; or the height of which, including load, is greater than twelve and one-half feet, or the length of which, including load, is greater than thirty-five feet: * * * and no combination of such vehicles coupled together of a total or combined length, including coupling or load, in excess of forty-five feet shall be operated on said highways."

Section 304.190 RSMo 1949, V.A.M.S. provides:

"1. No motor vehicle operating exclusively within the corporate limits of cities containing seventy-five thousand inhabitants or more or within two miles of the corporate limits of such city shall exceed one hundred eight inches in width, fifteen feet in height, thirty-five feet in length and forty-five feet in length when in combination of such vehicles coupled together including coupling."

The aforesaid statutory provisions limit the length of the vehicles described therein operating on the highways of this state and within the corporate limits of the City of St. Louis.

The effect of § 304.170 is to authorize the use of the highways of this state by all combinations of motor-drawn or propelled vehicles that do not exceed 45 feet in length. The effect of Ordinance No. 47067 of the City of St. Louis is to prohibit the use of Riverview Boulevard between the designated points by all such combinations of vehicles, except in certain instances, that exceed 33 feet in length.

The ordinance prohibits the use of the designated portion of the highway to all combinations of such vehicles with lengths between 33 feet and 45 feet. To the extent the ordinance prohibits the described vehicles over 33 feet and under 45 feet in length from being driven on the portion of Riverview Boulevard described therein, it is in conflict with § 304.170.

This is evident from an examination of § 304.170 which clearly authorizes the operation of such vehicles up to 45 feet in length over the highways of this state, including the highways within the corporate limits of the City of St. Louis. The ordinance attempts to prohibit certain vehicles

from being driven over a portion of a highway within the corporate limits of the City of St. Louis. The statute authorizes the driving of said vehicles over this portion of the highway.

Absent any statutory or ordinance regulation, commercial vehicles and combinations of same of any weight, height or length would be permitted to use the highways of the City of St. Louis. The State of Missouri has seen fit through § 304.170 to prohibit the operation on its highways of a combination of vehicles that exceed 45 feet in length. The State of Missouri has spoken and any attempt by ordinance to lower that limit would be in conflict with § 304.170.

Support for the conflict we find may be found in the case of City of St. Louis v. Klausmeier, 213 Mo. 119, 112 S.W. 516. The facts in the aforesaid case show that the State of Missouri by statute had fixed the total solid content of milk at not less than 9.25%, whereas the ordinance fixed the total solids at not less than 10.5%. The court held the above portion of the ordinance invalid and, in doing so, said:

"* * * In this particular there is a clear conflict between the statute and the ordinance, for a person might sell skimmed milk containing 9.25 per cent. of solids, as prescribed by the state law, and still be guilty of an offense under the ordinance. In other words, the ordinance denounces that to be a crime which the statute authorizes to be done. That cannot be true, because section 23 of article 9 of the Constitution expressly provides that the charter and ordinances of the city shall be in harmony with and subject to the Constitution and laws of the state. To hold otherwise would be to subject the statute of the state to the operation of the ordinance of the city. Dillon on Mun. Corps. (4th Ed.), § 329; City of St. Louis v. Meyer, 185 Mo. 583, 593, 84 S.W. 914.

"We are therefore clearly of the opinion that the clause of the ordinance just mentioned is in direct conflict with the acts of the Legislature mentioned, and is repealed by necessary implication." 112 S.W. loc. cit. 519.

The same is true of the ordinance before us. It prohibits the driving of certain vehicles over the designated parts of Riverview Boulevard which the statute permits to be done.

The City of St. Louis contends that subdivision 2 of § 304.120 RSMo 1949, V.A.M.S., provides ample justification for the enactment of ordinance No. 47067. The first part of subdivision 2 of said statutory section reads as follows:

"2. Municipalities, by ordinance may make additional rules of the road or traffic regulations to meet their needs and traffic conditions." (Thereafter follows seven specifically designated types of regulations authorized to be made by municipalities.)

It is the contention of the City of St. Louis that in addition to the power conferred to regulate traffic as specifically designated in said subdivision 2 of § 304.120, this statute confers general authority to pass ordinances regulating traffic within the City of St. Louis. Defendant contends the first part of subdivision 2 of said section is general in terms and that the seven specifically designated types of regulations following the first part must be construed as a limitation upon the generality of the language contained in the first part of said subdivision 2 of § 304.120. We need not resolve this conflict in contentions because subdivision 3 of § 304.120 declares invalid any ordinance "which contains provisions contrary to or in conflict with" Chapter 304 RSMo 1949, V.A.M.S. Also, it should be pointed out that § 304.120 does not by specific direction authorize a municipality to regulate the length of commercial vehicles operating within its corporate limits.

In the case of Kenney v. Hoerr, 324 Mo. 368, 23 S.W.2d 96, loc. cit. 98, the Supreme Court in discussing this statute, said:

"It is true section.24, par. (b), of the same law, Laws Mo.1921 (1st Ex.Sess.) pp. 76, 100, [now § 304.120] permits municipalities by ordinance to make *additional* rules of the road or traffic regulations to meet their needs, and to establish one-way streets and provide for the regulation of vehicles thereon. This being so, if an ordinance be enacted under sanction of the state law, it will be valid as an additional regulation. On the other hand, if the ordinance make a requirement contrary to the state law with respect to a matter on which the state law is intended to be controlling, the ordinance cannot stand."

The City of St. Louis can gain no support for the validity of the ordinance under scrutiny from the provisions of § 304.120.

The City of St. Louis adopted its own Charter pursuant to the provisions of the Constitution of Missouri of 1875 (Article 9, §§ 20–25) and the Constitution of Missouri 1945 (Article 6, § 31) recognizes the Charter of the City of St. Louis as continuing.

In its final contention the City urges that because it has adopted its own Charter the provisions of Section 82.190 RSMo 1949, V.A.M.S., gives to it the right to regulate motor vehicle traffic on its streets. This section reads as follows:

"Such city (Constitutional Charter City) shall have exclusive control over its public highways, streets, avenues, alleys and public places, and shall have exclusive power, by ordinance, to vacate or abandon any public highway, street, avenue, alley or public place, or part thereof, any law of this state to the contrary notwithstanding." (Parenthesis ours.)

The City of St. Louis contends that § 82.190 has been construed in the case of State ex rel. Vogt v. Reynolds, 295 Mo. 375, 244 S.W. 929, as giving the City the right to regulate motor vehicle traffic on its streets. The ordinance under review was the Vigilant Watch Ordinance. The court in the majority opinion held that the City was acting within its appropriate authority in enacting said ordinance, pointing out that under § 8903, R.S.Mo.1919 (now § 82.190), the City has exclusive control over its streets. However, the court clearly indicated that § 82.190 had to be construed in the light of § 71.010 (§ 8704, R.S.Mo.1919) when it said: "Nor can it be said concerning this ordinance that it is not in conformity with the general law of the state as limited by section 8704, R.S. 1919" (now Section 71.010 RSMo 1949, V.A.M.S.) 244 S.W. loc. cit. 933.

Section 71.010 reads as follows:

"Any municipal corporation in this state, whether under general or special charter, and having authority to pass ordinances regulating subjects, matters and things upon which there is a general law of the state, unless otherwise prescribed or authorized by some special provision of its charter, shall confine and restrict its jurisdiction and the passage of its ordinances to and in conformity with the state law upon the same subject."

Again, in the case of State ex rel. Hewlett v. Womach, 355 Mo. 486, 196 S.W.2d 809, loc. cit. 812, the court held that ordinances had to be construed in the light of § 71.010 (§ 7442, R.S.Mo.1939) when it said:

"* * * The limitation requiring consistency with the state law would apply even though it were not expressly stated in the grant of power. It is a familiar rule that municipal ordinances regulating subjects, matters and things

upon which there is a general law of the state must be in harmony with the state law upon the same subject. § 7442; John Bardenheier Wine & Liquor Co. v. City of St. Louis, 345 Mo. 637, 135 S.W.2d 345 * * *."

No special provision of the Charter of the City of St. Louis has been suggested by the City that would authorize the passage of this ordinance. Our own search has disclosed none.

■ The City of St. Louis could only frame and adopt a Charter consistent with and subject to the Constitution and Laws of the state. Constitution of Mo., Art. VI, Sec. 19. The City of St. Louis does have the right to regulate and control by ordinance the use of its streets. But such ordinances must not be in conflict with the general laws of the state. Each of the following cases recognizes and announces the aforesaid rule. State ex rel. Spink v. Kemp, 365 Mo. 368, 283 S.W.2d 502; Giers Imp. Corp. v. Investment Service, Mo., 235 S.W.2d 355; Turner v. Kansas City, 354 Mo. 857, 191 S.W.2d 612; State ex rel. Dwyer v. Nolte, 351 Mo. 271, 172 S.W.2d 854 and State ex rel. Rothrum v. Darby, 345 Mo. 1002, 137 S.W.2d 532.

■ We think it is manifest that the Legislature of this state has undertaken to regulate the length of commercial vehicles operating on the public highways of this state, which includes the streets, avenues and boulevards of the City of St. Louis. Therefore, it is our ruling that Ordinance No. 47067 of the City of St. Louis is invalid, because it is in conflict with existing state statutes. The judgment of the St. Louis Court of Criminal Correction is reversed and defendant is discharged.

WOLFE, P. J., and ANDERSON, J., concur.