CITY OF FRANKFORD, Missouri,
(Plaintiff) Respondent,

v.

Paul R. DAVIS, (Defendant) Appellant.

No. 30631.

St. Louis Court of Appeals.
Missouri.

July 18, 1961.

Rehearing Denied Sept. 5, 1961.

**554**

William B. Spaun, Hannibal, for appellant.

John M. McIlroy, James Millan, Bowling Green, for respondent.

RUDDY, Judge.

Defendant was charged in the Police Court of the City of Frankford, Missouri, with operating "a motor vehicle on the City Streets of Frankford, Missouri, without first having purchased a license for said vehicle and without first having placed same on the windshield of said vehicle; all of which was contrary to \* \* \* the Revised Ordinances \* \* \* entitled Motor Vehicle Licenses; \* \* \*."

In the Police Court defendant was found guilty and a fine of $25 was assessed against him. He appealed to the Circuit Court of Pike County where he was found guilty by a jury and was fined the sum of $50. He has appealed from the judgment entered by the Circuit Court.

■ One of the points relied on by defendant is that he "was denied due process of law as provided by the 5th and 14th Amendments of the Constitution of the United States, and Section 10 of the Bill of Rights of the 1945 Constitution of the State of Missouri." Our jurisdiction of this appeal has not been challenged, but before reviewing the case we have the duty of examining the record to determine if this court has jurisdiction of the appeal. Reaves v. Rieger, 360 Mo. 1091, 232 S.W. 2d 500; Flynn v. First National Safe Deposit Company, Mo.App., 273 S.W.2d 756; City of St. Louis v. Stenson, Mo.App., 333 S.W.2d 529

■ The Supreme Court of this state has exclusive appellate jurisdicition in all cases involving the construction of the Constitution of the United States or of this state (Article V, Section 3, Constitution of the State of Missouri, 2 V.A.M.S.) but that ground must appear affirmatively in the record in order to confer jurisdiction on the Supreme Court. City of St. Louis v. Stenson, supra, and cases cited therein.

■ Four factors must appear affirmatively in the record before the Supreme Court has jurisdiction of a ground which invokes a constitutional question. City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, and City of St. Louis v. Stenson, supra. Before a party may raise such a question on appeal, (1) he must raise the constitutional question at his first available opportunity; (2) he must designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the Article and Section or by quotation of the provision itself; (3) he must state the facts showing such violation, and (4) he must preserve the constitutional question throughout for appellate review.

An examination of the record before us discloses that at no time in the Police Court of the City of Frankford, Missouri, or in the trial of the case in the Circuit Court of Pike County, did defendant raise the question of the constitutionality of the ordinance or the proceedings in question. No claim was made by the defendant in either of the trials below that any constitutional right of the defendant had been infringed or denied. The first time it was raised, according to the record before us, was in defendant's motion for a new trial filed in the Circuit Court.

■■ A constitutional question must be directly raised at the first opportunity that good pleading and orderly procedure will permit, and must be kept alive, otherwise it will be considered as abandoned. State v. Lofton, Mo., 1 S.W.2d 830, loc. cit. 832.

The validity of the ordinance under which defendant was charged was not challenged in any pleading filed by defendant. The record before us shows no attempt on the part of defendant during the trial in the Circuit Court to assert a constitutional question. The first open door under the orderly procedure of the case would have been at the time of the trial in the Police Court and again in the trial in the Circuit Court. As we have said, no pleading was filed asserting a constitutional question and no defense involving a constitutional question was raised in the trial courts. Absent any such affirmative showing in the record, the Supreme Court would not have jurisdiction of this appeal. The jurisdiction of this appeal is in this court and the constitutional question attempted to be raised by defendant in this appeal cannot be considered by this court. City of St. Louis v. Stenson, supra.

■ In three other points relied on by defendant he contends that the Ordinance under which he was prosecuted does not comply with § 301.340 RSMo 1949, 16 V.A.M.S., and, therefore, is invalid and unenforceable. This contention must suffer the same fate as defendant's attempt to raise a constitutional question. The first time defendant questioned the validity of the Ordinance in question was in this appeal. At no time prior to filing his brief in this court has defendant made the contention that the Ordinance was invalid because it failed to comply with the enabling act, § 301.340, supra. At no time in the trial courts did he specifically challenge the validity of the Ordinance because of its failure to comply with the enabling act. No written or oral request for dismissal was lodged in the trial courts by defendant based on the ground now asserted. Challenging the validity of an Ordinance, like raising a constitutional question, must be done at the first available opportunity and if not so raised, its invalidity is deemed waived. Frank v. Wabash Railroad Company, Mo., 295 S.W.2d 16, loc. cit. 21; City of St. Louis v. Langeneckert, Mo.

App., 210 S.W.2d 736, loc. cit. 739. This contention of defendant cannot be considered by us.

Another point relied on by defendant is "That the City of Frankford did not prove by competent evidence the exact boundaries of the limits of the City of Frankford." As pointed out by plaintiff-respondent, this point, as alleged by defendant, fails to comply with Civil Rule 83.05, V.A. M.R., in that it fails to state what action or ruling of the trial court is claimed to be erroneous and moreover fails to show in what respect the proof of the boundaries of the limits of the City of Frankford was not competent. Disregarding this deficiency in stating the point, we find there was ample proof of the exact boundaries as set out in the ordinance establishing the limits of the City of Frankford.

James H. Fleming, a registered land surveyor, was given a copy of the ordinance establishing the city limits and from it conducted a survey and prepared a plat in accordance with the survey and the boundaries as established in the ordinance. This witness located the home of defendant on the plat and testified that the defendant's property and home were within the city limits.

Arlie Bogue, Mayor of the City of Frankford, testified that he employed Mr. Fleming, the surveyor, and that he personally was acquainted with the position of the city limits around the city and that he was acquainted with the corner stones and markings which established the beginning points for the survey. He was acquainted with the residence of the defendant and testified that it was within the City of Frankford.

D'Arlene Click, City Clerk, testified that defendant paid real estate taxes for the years 1953 and 1954 to the City of Frankford on the property in which he resided at the time of his arrest.

■ Defendant in his testimony never did deny living within the City of Frank-

ford, Missouri. We think the proof was competent to establish the boundaries of said city and was sufficient proof to show that the defendant lived within the said City of Frankford.

The final point relied on by defendant is that the City of Frankford failed to make a submissible case in that it failed to show a violation of the ordinance in question. We think defendant must be upheld in this contention. The testimony bearing on this question was given by the following witnesses.

D'Arlene Click, City Clerk of the City of Frankford, testified that she had custody of the records of motor vehicle licenses issued and purchased and that defendant had not purchased a city automobile license for the year 1959.

Tony Jennings, City Marshal, testified that he enforced compliance with the city ordinances and that one of those enforced was the "purchasing of motor vehicle licenses." He testified that on May 29, 1959, he saw defendant driving a motor vehicle within the city limits of the City of Frankford. Thereafter, the witness gave the following answers to the questions stated:

"Q. Did he have an automobile sticker on his windshield, Mr. Jennings? A. He did not.

"Q. Did you give him a summons at that time? A. I did.

"Q. Did you take his license number? A. I did.

"Q. What kind of car was it, do you remember? A. I don't remember what the make of the car was. I do not. It was a light-looking car. It was an old light-looking car."

Thereafter, he testified that defendant was behind the wheel and operating the car. Witness said he gave the license number to the Police Judge of the City of Frankford who subsequently died. He further testified that since the death of the Police Judge, he has been unable to locate the license number.

Defendant testified that he purchased no city automobile sticker for the year 1959 and that on May 29, 1959, he was driving a 1959 Chevrolet owned by the D. G. Gray Chevy of Hull, Illinois. He said he had this car for a number of weeks "while they had my car in the shop working on it." He said that his car, which was being repaired, was a 1958 Chevrolet Station Wagon and that the car he was driving on May 29th was not a light-colored car, but he thought it was green and a 1959 model car. He stated he did not remember ever driving an old model light-colored car. The above constitutes all of the evidence in the record that has any application to the instant charge.

The pertinent parts of Ordinance No. 109 of the City of Frankford are as follows:

"Section 1: *Must procure license to operate.*—It shall be unlawful for any person residing within or being temporarily within the corporate limits of the City of Frankford for a longer period than sixty (60) days to operate a motor vehicle upon any of the public highways, * * * in said city, without first having procured a license for such motor vehicle from the City Clerk to do so.

"Section 2: *Clerk shall deliver license sticker; where placed on automobile.*—At the time of delivery of such license, the City Clerk shall deliver to the owner of such motor vehicle, a license sticker for the current year, which shall be attached by such owner, to the right hand corner of such motor vehicle's windshield, in such manner that the number on the same may be seen as the vehicle approaches.

* * * * * *

"Section 4: *License tax.*—There shall be levied a special license tax

upon each motor vehicle operated upon any of the public highways, * * * within the corporate limits of said city in the amount of $1.50 per annum * * *."

The only authority of the City of Frankford for enacting an Ordinance, such as we have recited above, must be found within the provisions of Section 301.340, supra. The pertinent parts of this statute are as follows:

"1. Municipalities, by ordinance, may levy and collect license taxes from the owners of and dealers in motor vehicles and trailers, residing in such municipalities * * *.

"2. No such municipal license tax shall be collected from a resident of such municipalities for motor vehicles used exclusively outside of such municipalities * * *."

■ The ordinance seems broader in scope than the enabling act on which it must find support. However, basically it levies a license tax upon motor vehicles and it requires delivery of the license to the owner of the motor vehicle. The ordinance seems to attempt to levy the license tax against any operator of the motor vehicle, whether the owner or not. This the City of Frankford cannot do. As we said in the case of City of Fredericktown v. Hunter, Mo.App., 273 S.W.2d 732, loc. cit. 733, 734, when referring to this same statute:

"The statute makes no provisions for a license tax collectible from an 'operator or person having control of' an automobile, as does the ordinance. Resident owners alone are mentioned in the enabling act. The proof in this case was sufficient to show that defendant was operator of and was in charge of a motor vehicle, but was not sufficient to show that he was the owner thereof. Possibly ownership can be proved.

"We find no basis for defendant's belief, suggested in the transcript, that he was exempt from the license tax because he was an automobile dealer. However, if a city resident, dealer or not, used his vehicle exclusively outside the municipality, he would be exempt under paragraph 2 of Section 301.340 RSMo 1949, V.A.M.S."

■ The purpose of the ordinance is to levy a tax on motor vehicles. It attempts to levy the license tax against all operators of motor vehicles, whether owners or not, if they are residents of the city or if they are temporarily within the corporate limits of said city for a longer period than sixty days. The only license tax permissible under the enabling act, therefore, the only one permissible under the ordinance, is one against the owner of a motor vehicle who must be a resident of the municipality and who uses or operates said motor vehicle within the municipality. City of Fredericktown v. Hunter, supra; City of St. Louis v. Temples, Mo.App., 149 S.W.2d 888; City of Sikeston v. Marsh, Mo.App., 110 S.W.2d 1135. The ordinance under review here attempts to include persons who are not residents of the city. We need not concern ourselves about this, inasmuch as the evidence was sufficient to show that defendant was a resident of the City of Frankford. However, the record does fail to show that defendant was the owner of the vehicle he was operating at the time and place mentioned in the charge. For this reason, we must hold that plaintiff, City of Frankford, failed to make a submissible case against defendant.

Plaintiff contends that the evidence shows that defendant admitted owning an automobile and that the record shows that he did not purchase a license for the year 1959. It contends that this evidence was sufficient to meet its burden under the law. The weakness of plaintiff's contention in this regard is that its proof failed to show that defendant was the owner of the vehicle he was driving at the time he was

served with the summons. In other words, there was no evidence showing that the vehicle defendant owned was the one he was operating on the occasion that led to the instant charge. Only resident owners of motor vehicles used and operated within the City of Frankford were amenable to the license tax.

There is no need to remand this cause for a new trial because it is evident from the record that plaintiff is in no position to supply the proof that defendant was the owner of the vehicle he was driving when he was served with the summons. Therefore, the judgment of the Circuit Court is reversed and the defendant is discharged.

ANDERSON, P. J., and WOLFE, J., concur.