**Glen A. JOHNSON, Respondent,**

v.

**Jeff B. WEST, Appellant.**

**No. 52223.**

Supreme Court of Missouri,
Division No. 1.

June 12, 1967.

Rehearing Denied July 10, 1967.

Robert M. Fox and Albert J. Yonke, Kansas City, for respondent.

Gene R. Martin, Ennis, Browne & Martin, Kansas City, for appellant.

LAURANCE M. HYDE, Special Commissioner.

Action for $40,000.00 for personal injuries resulting from a collision of automobiles; verdict for defendant but plaintiff's motion for a new trial was sustained. Defendant has appealed from the order granting a new trial.

Plaintiff was a passenger in a car being driven south by his cousin, George Johnson, on Highway 71, about 11:45 a. m. A collision occurred, at the "T" intersection of 119th Street, with defendant's car which came from the west on 119th Street to the Highway. Defendant was driving east on 119th Street, intending to turn north (left) from 119th Street which was 19 feet wide. There was a stop sign on the south side of 119th Street 12 feet from the west edge

of the Highway and defendant stopped there. There was a railroad overpass 150 feet north of the north edge of the intersection which crossed the Highway at an angle, northeast to southwest, with an abutment on the west side close to the edge of the pavement. This abutment obstructed the view from 119th Street north of the overpass. There were three traffic lanes on the Highway at the overpass and south to a few feet north of the 119th Street intersection where a fourth lane began. There were yellow "no passing" lines on the outside lanes of the Highway, between the overpass and the intersection, which would keep traffic out of the center lane between these points if observed. The Highway was slightly upgrade from the overpass through the intersection. Plaintiff was riding in the front seat to the right of the driver. His wife and children were in the back seat but there was no conversation or radio to distract his attention.

When defendant reached the intersection there was a continuous line of cars going south in the west lane. However, the car in which plaintiff was riding moved into the center lane just before it reached the overpass. Defendant waited at the intersection until a lady in the line of southbound traffic stopped her car at the north edge of the intersection and motioned for defendant to proceed. When he did so and reached the center lane his car was struck by the car in which plaintiff was riding, hereinafter called the Johnson car. Defendant said his view was obstructed by the continuous line of cars in the west lane of the Highway and he did not see the Johnson car until the front five feet of his car was beyond the left side of the line of southbound cars. He said he then applied his brakes, stopping in about three feet. (Plaintiff's evidence was that defendant's car was still moving when the collision occurred.) Defendant said the Johnson car was going over 35 miles per hour and it left 42 feet of skid marks. The speed limit was 35 miles and plaintiff's evidence was that it was not exceeded. Other

facts will be stated in connection with the rulings hereinafter made.

The court granted a new trial because of refusing to give Instruction D, requested by plaintiff, which was as follows:

"Your verdict must be for the plaintiff if you believe:

"First, defendant (*either*) failed to yield the right of way, or failed to keep a careful lookout, and

"Second, defendant's conduct on (*in*) any one or more of the respects submitted in paragraph First, was negligent, and

"Third, such negligence directly combined with the acts of George Johnson to cause damage to plaintiff."

Defendant contends that because of the omission of the above italicized words in parentheses which are in M.A.I. Instruction 17.02 the court's refusal was correct. Instruction D submitted an alternative without including the word "either", so we do not consider its omission makes this instruction prejudicially erroneous. The use of the word "on" for "in" was no doubt a typographical error and the meaning of Instruction D was evident. In Wegener v. St. Louis County Transit Co., Mo.Sup., 357 S.W.2d 943, 949, we said concerning the use of "eminent" when "imminent" should have been used in an instruction submitting humanitarian negligence: "Nor did the use of the word 'eminent,' instead of 'imminent,' justify the refusal of the instruction. The obvious misspelling of the word was an insubstantial and trivial imperfection. Absolute perfection in form is not the test. The test is whether the instruction is *substantially correct*. * * * While Instruction No. A may not have been 'technically perfect' in that it contained a patent typographical error and a word obviously misspelled, it was substantially correct in form and substance and for this Court to justify its refusal for such slight and inconse-

quential deviations would be to set the standard above that required in the practical administration of justice." We hold that is the situation here.

■ However, before considering defendant's other contentions concerning Instruction D, we will rule defendant's claim that plaintiff was guilty of contributory negligence as a matter of law in failing to protest and warn the driver about driving in the center lane. Defendant bases this on the two following circumstances, which he says required a warning by plaintiff: "(a) the movement of the Johnson car into a 'no passing' lane in heavy traffic, and (b) the approach of the Johnson car toward a blind intersection in the 'no passing' lane traveling at least 35 miles per hour." The evidence showed that the Highway had been widened to 40 feet, with four ten-foot lanes before it reached the intersection. It does not appear that plaintiff saw the yellow line and there was evidence that the yellow line was dim. The driver of the Johnson car said there was no yellow line where he first moved from the outside lane (there was no evidence that the yellow line extended north of the overpass) and that he could not get back into the outside lane after going under the overpass because of the continuous line of cars in it. Plaintiff's evidence also was that the Johnson car was to make a left turn to the east to go on to Blue Ridge Boulevard, the next street south, and had to get out of the outside lane to do so. There was no evidence of any northbound traffic on the Highway. Our conclusion is that consideration of all these facts fails to show plaintiff was guilty of contributory negligence as a matter of law. The case defendant cites, Wilson v. Cade, Mo.App., 375 S.W.2d 577, 581, presented an entirely different situation.

■ As to Instruction D, defendant says the court was correct in refusing it because there was no evidence to support a submission on failure of defendant to keep a careful lookout and because there was no evidence to support a submission on failure of defendant to yield the right of way. However, considering the evidence from the view most favorable to plaintiff as we must, the jury could reasonably find that defendant's car was never stopped before the collision; that the lady who motioned defendant to proceed had stopped her car near the west edge of the Highway somewhat north of the north side of the intersection; and that defendant's car was in the south half of 119th Street, which would give him a wide angle of vision. On the basis of these facts the jury could reasonably find that defendant could have seen the Johnson car approaching and could have stopped before entering the lane in which it was traveling. As we said in Herr v. Ruprecht, Mo.Sup., 331 S.W.2d 642, 648: "* * * defendant's duty to 'yield the right of way' existed not merely at the entrance and while she was stopped, but it continued with her into the intersection if and when it appeared (or reasonably should have appeared) to her that plaintiff's approach had then created an immediate hazard; this is true, at least to the extent that she might then be able to stop or slacken and let the other car pass. * * * In other words, the duty to 'yield' may not be wholly disregarded once a motorist gets the front end of his vehicle into an intersection with a through highway." Therefore, we must rule that these submissions were proper.

■ Defendant's remaining contention is that the court's refusal to give Instruction D was not prejudicial to plaintiff. The court considered its refusal of Instruction D, which used the words prescribed in M.A.I. No. 17.02, modified by the first alternative provided in M.A.I. 19.01, was prejudicial to plaintiff. After refusing Instruction D, hereinabove set out, the court gave as plaintiff's only verdict-

directing instruction, the following based on M.A.I. 17.02 and 17.08:

### INSTRUCTION NO. 2

"Your verdict must be for Plaintiff if you believe:

"First, defendant either:

failed to keep a careful lookout, or

failed to yield the right of way, and

"Second, defendant's conduct, in any one or more of the respects submitted in paragraph First, was negligent, and

"Third, as a direct result of such negligence, plaintiff sustained damage."

It is stated in connection with M.A.I. 17.02: "Where suit is against one of two or more joint tort-feasors, see 19.01." In 19.01, it is stated: "When the verdict directing instruction directs a verdict against one of two or more joint tort-feasors, the 'direct result' language of Paragraph Third of verdict directing instructions such as 17.01 and 17.02 might be misleading." Defendant argues that the refusal of Instruction D was not prejudicial in this case because the principle it stated (effect of combined negligence) was stated to the jury by plaintiff's counsel in his argument before submission. However, the jury was not so directed by the court, and it is a familiar, well established principle that this Court will be more liberal in upholding the trial court's action in sustaining a motion for new trial than in denying it. See cases in West's Missouri Digest, Appeal and Error,  "This is because the power of the trial court to grant a new trial is an exercise of its judicial discretion, which may be based upon matters known to the court (often said to be in the breast of the court) because the trial judge participated in the trial and knew what took place." Castorina v. Herrmann, 340 Mo. 1026, 104 S.W.2d 297, 300. In this case the trial court, from a direct observation of the trial, had the best opportunity to evaluate and determine the effect of its failure to instruct the jury that if both drivers were negligent defendant, if found to be negligent in the respects submitted, was liable if such negligence directly combined with the acts of the driver of the car in which plaintiff was riding to cause damage to plaintiff.

The order granting a new trial is affirmed and the cause remanded.

### PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.