Doris V. RILEY, Plaintiff-Respondent,

v.

BI–STATE TRANSIT SYSTEM, a Corporation, Defendant-Appellant.

No. 33622.

St. Louis Court of Appeals, Missouri.

Sept. 22, 1970.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 19, 1970.

Application to Transfer Denied Dec. 14, 1970.

John A. Walsh, Jr., St. Louis, for defendant-appellant.

Kappel, Neill, Staed & Wolff, Robert E. Staed, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

Trial to a jury of this cause, which arose out of an intersection collision between plaintiff's automobile and defendant's motor bus, resulted in a verdict and judgment in favor of plaintiff for $7500 for her personal injuries, and in favor of plaintiff on defendant's counterclaim for the damages to its vehicle. Defendant's motion for a new trial, limited to the issue of liability only, was overruled and defendant appealed.

The collision involved occurred on January 29, 1968, about 1:00 A.M., at Fourth and Market Streets, in the City of St. Louis. Both thoroughfares were limited to one-way traffic, northbound on Fourth, and westbound on Market east of Fourth. Market Street east of Fourth was four lanes or 50 feet wide, and Fourth Street was five lanes or 55 feet wide. Plaintiff, returning home from a social evening with friends in Highland, Illinois, drove westward on Market Street from Third Street, towards Fourth, in the second lane from the north curb of Market. In obedience to a flashing red light at Fourth, she stopped her car about midway across a marked cross-walk which measured 15 feet from east to west. She testified that her car remained stopped at that point for some five to six seconds during which time she looked to her left and saw no traffic approaching in the half a block or so down which she could see. It had been raining, she said, and was then real misty. According to plaintiff, she started westward and had traveled 15 or 20 feet into the intersection when she saw headlights five or six car lengths, or 75 to 96 feet, to her left. At that time she was traveling about 10 miles per hour, she stated, and in an effort to get out of the way she accelerated another five miles per hour or so, but had covered only another 20 to 25 feet when the right front of the bus

struck the left side of plaintiff's automobile. Plaintiff's car came to rest about 200 feet north and west of the intersection, part way up the east steps of the Old Courthouse, and defendant's bus ended up on the west sidewalk of Fourth Street, just south of plaintiff's automobile. Since defendant's appeal is limited to the issue of liability no reference need be made to the nature and extent of plaintiff's injuries.

In her amended petition, upon which the case was tried, plaintiff alleged, among other specifications of negligence, that:

"(h) Defendant negligently and carelessly failed to yield the right-of-way to the motor vehicle which plaintiff was operating, in violation of Section 304.021 Missouri Revised Statutes and the ordinances of the City of St. Louis in such cases made and provided."

In the course of presenting her case plaintiff offered and read to the jury, over the objections of defendant, a portion of what was described as Chapter 69 of Ordinance 46687, Article II of the City of St. Louis, which provided:

" 'Operation of Vehicles. Section 13. Rules of the Road. All drivers shall * * *

7. reduce speed at intersections and yield the right-of-way to any vehicle already within the intersection, and when entering at the same time shall yield to the vehicle on his right;' "

At the close of the evidence the plaintiff offered and the trial court gave Instruction No. 4, a combination of MAI 17.08 and 18.01, which in directing a verdict for plaintiff required the jury to find that Brown, the driver of defendant's motor bus, was operating the same within the scope and course of his employment by defendant at the time of the collision, and that *"Second,* Brown failed to yield the right of way, * * *." The Note on Use under MAI

17.08 prescribes that "The appropriate right of way definition must be used in conjunction with this submission." In an effort to comply with that requirement, the plaintiff requested and the trial court gave Instruction No. 13, MAI 14.02, including the bracketed phrase, which stated:

"The phrase 'right of way' as used in these instructions, means the right of one vehicle to proceed ahead of the other.

"When two vehicles do not reach an intersection at approximately the same time, the vehicle which enters the intersection first has the right of way, provided a very careful person would so proceed under the same or similar circumstances."

The determinative issue presented by defendant, inherent in four of the five points raised in its brief, is the substantive law regarding the duty to yield which was properly applicable under plaintiff's evidence. Emphasizing plaintiff's testimony that plaintiff's progress was governed by a flashing red light, which required her to stop before proceeding into the intersection, defendant asserts that the law applicable to the issue of the duty to yield the right of way was Section 304.021, paragraph 4, RS Mo 1959, V.A.M.S. Accordingly, defendant argues, the trial court prejudicially erred in permitting plaintiff to introduce into evidence and read to the jury the foregoing portion of city ordinance 46687; in giving Instruction No. 13, defining the term right of way; and in giving Instruction No. 4, plaintiff's verdict directing instruction. In answer to defendant's contentions, plaintiff maintains that what she pleaded, and what she properly submitted under her petition, was " * * * a common law submission of failure to yield the right of way, * * *" and hence that no error was committed in the respects complained of by defendant.

In the light of the allegation in plaintiff's petition regarding defendant's

failure to yield the right of way, heretofore quoted, we experience some difficulty in accepting plaintiff's argument that she pleaded, and that her petition supported the submission of, a violation by defendant of any common law duty to yield. Assuming, however, that such a construction can be placed upon plaintiff's petition, the fact is that the common law rule regarding the duty to yield was not applicable under plaintiff's own evidence. The common law rule regarding the duty to yield, as stated in Wilson v. Toliver, 365 Mo. 640, 285 S.W. 2d 575, 580, is that:

"Absent statute or ordinance regulation of vehicle traffic at highway intersections, the vehicle first reaching and entering the intersection has the right of way over a vehicle subsequently reaching the intersection unless the situation would indicate to a reasonably prudent man that to proceed would probably result in a collision, it being the duty of the second arrival to allow the first arrival to pass in safety. Minnis v. William J. Lemp Brewing Co., Mo.App., 226 S.W. 999, 1000 [2]; 60 C.J.S. Motor Vehicles, § 362b (3), p. 871; 5 Am.Jur. 663, § 289; 2 Blashfield, Automobile Law, 206, § 991."

With one important addition, that common law rule has been codified in our statutory rules of the road as paragraph 1 of Section 304.021, which reads:

"1. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway, provided, however, there is no form of traffic control at such intersection."

Obviously, the addition to which reference is made is the phrase " * * * provided, however, there is no form of traffic control at such intersection." Where there is a form of traffic control at the intersection then the duty to yield the right of way is governed by paragraph 4 of Section 304.-021, which provides:

"The driver of any vehicle shall stop as required by this section at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection on the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard. The state highway commission may erect stop signs at the entrance of any public road into a through highway."

See Jefferson v. Biggar, Mo., 416 S.W.2d 933, 939. Our appellate courts have construed that paragraph of the statute to place a continuing duty upon a driver who enters and traverses a through highway. As stated in Herr v. Ruprecht, Mo., 331 S.W.2d 642, 648:

" * * * Defendant's statutory duty extended beyond stopping at the entrance to the intersection and giving preference to vehicles already in it. She was also required to yield the right of way to vehicles approaching the intersection so closely on the through highway as to constitute an immediate hazard. And defendant's duty to 'yield the right of way' existed not merely at the entrance and while she was stopped, but it continued with her into the intersection if and when it appeared (or reasonably should have appeared) to her that plaintiff's approach had then created an immediate hazard; this is true, at least to the extent that she might then be able to stop or slacken and let the other car pass. See Wilson v. Toliver, 365 Mo. 640, 285 S.W. 2d 575, 582; James v. Berry, Mo.App., 301 S.W.2d 530. In other words, the duty to 'yield' may not be wholly disregarded once a motorist gets the front end of his vehicle into an intersection with a through highway. * * *"

That passage from Herr v. Ruprecht, supra, has been quoted or cited with approval

in Johnson v. West, Mo., 416 S.W.2d 162; Robertson v. Weinheimer, Mo., 411 S.W. 2d 197; Schaetty v. Kimberlin, Mo., 374 S.W.2d 70; Jefferies v. Saalberg, Mo.App., 448 S.W.2d 288 and Stonefield v. Flynn, Mo.App., 347 S.W.2d 472.

It is true that in certain circumstances a plaintiff may submit his case under the common law duty of the operator of an automobile rather than under the duty set by statute or an ordinance. Gooch v. Avsco, Inc., Mo., 337 S.W.2d 245. But the same authority also holds that if the standard of care set by a statute is greater than that under the common law then the statute is preclusive. For example, at an early stage in the development of the automobile, in the absence of any statutory regulation, the general rule was that a driver was required to exercise only ordinary care in the operation of his motor vehicle. Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 1, Sec. 632, p. 471; 60A C.J.S. Motor Vehicles § 247. But in Missouri, since 1911, save for one brief period, our statutes have required the highest degree of care. Section 304.010; Burlingame v. Landis, 362 Mo. 523, 242 S.W.2d 578.

■ The portion of city ordinance 46687 which the plaintiff was permitted to introduce and read to the jury is " * * * in harmony" with the common law where there is no form of traffic control at the intersection involved. Brooks v. Mock, Mo., 330 S.W.2d 759, 765. While that case holds that the ordinance is not in conflict with paragraph 1 of Section 304.021, it obviously is in conflict with paragraph 4 of that section. This for the reason that the ordinance provides, in effect, that a motorist who first enters a through highway at a controlled intersection thereby preempts the right of way, whereas by paragraph 4 of Section 304.021 such a motorist is under the further duty to yield if and when it appeared, or reasonably should have appeared, that his approach created an immediate hazard, at least to the extent that

he might then be able to stop or slacken and let the other car pass. Herr v. Ruprecht, supra, and the cases cited. A municipal ordinance which is contrary to a state traffic law with respect to a matter on which the state law is controlling cannot stand. Section 304.120, paragraph 3; Kenney v. Hoerr, 324 Mo. 368, 23 S.W.2d 96; City of Richmond Heights v. Shackelford, Mo.App., 446 S.W.2d 179; City of St. Louis v. Stenson, Mo.App., 333 S.W.2d 529. Accordingly, under the factual situation shown by plaintiff's own evidence, the ordinance was not applicable and prejudicial error was therefore committed in its reception into evidence.

From what has been said regarding the applicable substantive law it logically follows that prejudicial error was likewise committed in the giving of Instruction No. 13, MAI 14.02, defining the phrase "right of way." Plaintiff argues that MAI was the correct definition to use under a common law submission. That may be, but for the reasons previously discussed the common law rule as to the duty to yield was not applicable under the plaintiff's own evidence. As is plainly stated in the Note on Use under MAI 14.02, "This definition is intended for use where there is a collision at intersecting highways and there are no traffic controls at the intersection." The obvious corollary of that Note is that MAI 14.02 is not to be used when there is a traffic control at the intersection. On page L111 of Vernon's MAI, it is stated that a Note on Use " * * * must be followed," and a failure to do so may be (and almost invariably is) reversible error. Peak v. W. T. Grant Co., Mo., 409 S.W.2d 58; Chandler v. New Moon Homes, Inc., Mo., 418 S.W.2d 130; Howe v. Bowman, Mo. App., 429 S.W.2d 339.

■ Defendant's fifth point is that error was committed because of the omission of the word "either" in the phrase, " * * * he could have avoided injury to the plaintiff by [either] stopping or slackening his

speed, * * * " as used in Instruction No. 2, MAI 17.15 and 18.01. A similar complaint was rejected in Johnson v. West, Mo., 416 S.W.2d 162.

As noted, defendant limited its motion for a new trial to the issue of liability, and made no complaint regarding the amount of the verdict. See Civil Rule 83.13(c), V.A.M.R., and Grissom v. Handley, Mo.App., 410 S.W.2d 681, 691. Accordingly, the judgment is reversed and the cause remanded for a new trial on the issue of liability only.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment reversed and cause remanded for new trial on liability issue only.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.